W. E. WORTH & CO. v. T. J. FERGUSON et al.

(Decided March 29, 1898.)

*Trial—Evidence—Demurrer Ore Tenus—Hinsdale's Act.*

1. Under Chapter 109, Acts of 1897, the defendant is not put to his election to move for a judgment of non-suit or proceed with his evidence under the Act unless the plaintiff has produced his evidence and rested his case. If the motion for judgment is therein refused he can note his exception and proceed as if he had made no motion.

2. Under Chapter 109, Acts of 1897, the fact that defendant had, on a trial of an action, been allowed to introduce certain written evidence during the hearing of the plaintiff's evidence and then demurred *ore tenus*, did not debar him from introducing further evidence, and it was error to give judgment for the plaintiff in such case.

CIVIL ACTION tried before *Adams, J.,* and a jury at January Term, 1898, of NEW HANOVER Superior Court on appeal from a judgment of a Justice of the Peace. At the conclusion of plaintiffs' evidence the defendants (who had been allowed to introduce some testimony during the hearing of the plaintiffs' testimony), stated that they demurred to the evidence under the Act of 1897. The plaintiffs contended that defendants were not entitled to the benefit of the Act of 1897. His Honor, after hearing argument, ruled that the plaintiff had made out a *prima facie* case, declined to allow the defendants to introduce other evidence, and gave judgment for the plaintiff. Defendants appealed.

*Messrs. Ricaud & Bryan* for plaintiff.
*Mr. John D. Bellamy* for defendant (appellant).

FAIRCLOTH, C. J.: The goods were sold and delivered

to Ferguson, and the plaintiff seeks to charge the defendant, Shutt, as a silent partner. The defendant, Ferguson, was a witness for the plaintiff, and testified that he and Shutt had two written agreements, but the entire agreement was not embraced in the writings. The defendant objected to the witness' speaking of the agreement, unless the writings were produced. The objection was overruled and the witness proceeded to give the agreement. The defendant exhibited the two writings to the witness, and he recognized and acknowedged them as the written parts of the agreement. The defendant started to read the writings, and the plaintiff objected unless the defendant put them in evidence, which the defendant did. The plaintiff then examined other witnesses, and rested his case.

The defendant stated to the Court that he demurred to the evidence under the Act of 1897, Chapter 109. The Court being of opinion against the defendant, he then offered to introduce other testimony, which was objected to on the ground that the defendant had introduced evidence, to-wit, the said two writings, exhibits "A" and "B," and "that the Act of 1897 did not cover a demurrer, but a motion for judgment of non-suit." The defendant was not allowed to put in his evidence, and the plaintiff had judgment, although neither the jury who had been empanelled, nor the Court had found any facts. The defendant, Shutt, excepted and appealed.

The plaintiffs did not object to the defendant's reading the exhibits provided he put them in as his evidence, indicating a move on the board for the *last speech.* It is the usual course in trials for the defendant to introduce his evidence when the plaintiff has closed, but the trial judge may depart from that course when he deems

it expedient and proper to do so without prejudice to any rights. *Olive* v. *Olive*, 95 N. C., 485. Whatever may occur while the plaintiff is developing his case, the defendant is not put to his election to move for a judgment of non-suit or proceed with his evidence under said Act, unless the plaintiff has produced his evidence and "rested his case." Then, if his motion is refused, he notes his exception and proceeds as if he had made no motion.

The plaintiffs' position seems to be that the defendant could not demur *ore tenus* because he had introduced evidence, and then asked for and obtained a judgment because the defendant had demurred, admitting that the plaintiffs' evidence was true.

With this conclusion there is nothing more before this Court, as no trial has taken place.

Reversed.