CABLE COMPANY v. W. H. MACON.

(Filed 6 October, 1910.)

1. **Contracts—Warranty—Breach—Damages—Pleadings—Counterclaim—Procedure.**

When there has been a breach of warranty of quality in the sale of goods, the buyer may retain the goods and recover for the breach, by way of counterclaim to an action by the purchaser for the purchase price.

CABLE CO. *v.* MACON.

2. Contracts—Warranty—Breach—Measure of Damages.

The general rule is that the measure of damages for a breach of warranty in the sale of goods having a market value is *prima facie* the difference in the market value at the time and place of delivery, between the goods as they were and as they would have been had the warranty been complied with.

3. Same—Instructions.

In the present case, being a sale of a piano with a warranty against certain defects, the above rule is substantially complied with, in the absence of a more specific prayer for instruction, by a charge, that "if there was a breach of warranty causing damages, the measure of damages would be the lessened value of the piano by reason of the defects complained of and shown to exist."

APPEAL from *Cooke, J.,* at the October Term, 1909, of FRANKLIN.

Civil action to recover balance due on purchase price of piano.

Defendant, admitting the contract of purchase and a balance due of $60.00 with interest, answered further and alleged a breach of warranty in the contract of sale and damage by reason of such breach.

Plaintiff replied admitting the warranty and denying breach thereof or damage. The jury rendered the following verdict:

1. What is the amount due on the note? Answer: $60 and interest.

2. Was there a breach of the warranty? Answer: Yes.

3. What damage, if any, is the defendant entitled to receive on account of said breach? Answer: One hundred and twenty-five dollars.

Judgment on the verdict for defendant and plaintiff excepted and appealed.

*W. M. Person* for plaintiff.
*Bickett & White* for defendant.

HOKE, J. The only exception urged for error is to the charge of the court on the issue as to the amount of damages. It is well established that when there has been a breach of warranty of quality in the sale of goods, the buyer may retain the goods and recover for the breach by way of counterclaim to an action by the vendor for the purchase price. And in case of goods

having a market value, the correct rule for admeasuring the damages is *prima facie* the difference in the market value at the time and place of delivery, between the goods as they were and as they would have been if they had complied with the warranty. *Parker v. Fenwick,* 138 N. C., pp. 209-218; *Manufacturing Co. v. Gray,* 126 N. C., pp. 108-115; *Spiers v. Halsted, Haines & Co.,* 74 N. C., p. 520; *Marsh v. McPherson,* 105 U. S., p. 709; Hale on Damages, p. 247; Tiffany on Sales, p. 240; 35 Cyc, p. 468.

In several decisions on this question of damages, the Court has said that the true rule was the difference between the contract price and actual value of the goods, but an examination of these cases will disclose that the Court spoke from inadvertence because there was nothing in the facts to call the matter specially to their attention, or the goods in question from their character or structural features had no market value and the contract price was adopted as the basis of estimate because, from the testimony, there was none other available. This distinction was pointed out when the case of *Mfg. Co. v. Gray* was again before the Court. 129 N. C., pp. 438, 441. And in which the present *Chief Justice,* after recognizing the general rule to be as stated, on the facts in evidence, differentiated that case and approved the following prayer for instructions:

"If the jury find that there was no apparatus on the market which had the capacity claimed for that in question, then what its value was would be speculative and not a fair basis on which to estimate the damages; and in that case, the measure of damages would be the difference in value between the apparatus as delivered and the contract price."

In 35 Cyc., *supra,* p. 468, the general rule on the subject and some of the decisions apparently at variance are thus referred to: "The general rule as to the measure of damages on a breach of warranty, is that the buyer is entitled to recover the difference between the actual value of the goods, and what the value would have been if the goods had been as warranted, and in the application of the rule, it is held, that the fact that the goods were actually worth the price paid for them is immaterial. . . . . It is true that in some cases the rule has been stated that

the measure of damages is the difference between the purchase price and the actual value of the goods, but in nearly all of these cases, the theory undoubtedly is that in accordance with the general rule, if there is no other evidence of the actual value of the goods, the purchase price will be regarded as the actual value."

It may be well to note that we speak throughout of the general rule, which *prima facie* obtains on breach of an express warranty in sale of goods without more, and that no reference is had to cases where different or additional damages may at times be recovered by reason of special circumstances which otherwise affect the rights of the parties. On the admissions in the pleadings and the facts in evidence, we think that the amount of damages in the present case has been determined in substantial accord with the rule stated when his Honor charged the jury that, "If there was a breach of warranty causing damage, the measure of damages would be the lessened value of the piano by reason of the defects complained of and shown to exist."

The testimony offered by plaintiff as to the amount required to put the piano in good fix, while relevant to the injury, was not necessarily controlling, and in the absence of more specific prayers for instructions on the issue, should not be allowed to affect the result. There is no error and the judgment below is affirmed.

No error.