G. B. WILLIAMS v. DIXIE CHEVROLET COMPANY ET AL.

(Filed 11 December, 1935.)

1. **Sales H a—Where article is worthless for purpose for which manufactured, retailer may recover from manufacturer regardless of terms of warranty.**

   Where the article sold is not reasonably fit for the use for which it was intended there is a total failure of consideration, and the purchaser may recover from the retailer, and the retailer may recover from the manufacturer, regardless of the terms of warranty prescribing the time within which the article must be returned to the manufacturer after discovery of defect therein, the warranty not being binding, since it fails with the entire contract for want of consideration.

2. **Same—Directed verdict on issue of reasonable fitness of article sold for purpose for which it was made held error.**

   It is error for the court to direct a verdict on the issue of whether the automobile sold was reasonably fit for the purpose for which it was intended upon evidence that the engine was defective, the scope of the issue being broader than a breach of warranty, and the question being for the determination of the jury.

APPEAL by defendants Chevrolet Motor Company and General Motors Corporation from *Grady, J.,* at March Term, 1935, of CUMBERLAND.

Civil action, tried upon the following issues:

"1. Was the Chevrolet automobile, sold by Dixie Chevrolet Company, Inc., to the plaintiff, defective in material or workmanship at the time

of its delivery to the plaintiff, so that it was not reasonably fit for the use for which it was intended? A. 'Yes.'

"2. Did the defendant Dixie Chevrolet Company, Inc., purchase said automobile from its codefendants under the terms of the selling agreement, as alleged in the answer? A. 'Yes.'

"3. If so, was said automobile defective in material or workmanship at the time it was received by the defendant Dixie Chevrolet Company from its codefendant? A. 'Yes.'

"4. If so, was said automobile returned to the defendants Chevrolet Motor Company or General Motors Corporation within 90 days from the date of its delivery to the plaintiff, or before the same had been driven four thousand miles? A. 'No.'

"5. If not, did Chevrolet Motor Company and General Motors Corporation waive the provisions of the written contract, after being informed of such defect in material or workmanship? A. 'Yes.'

"6. What damages, if any, is the plaintiff entitled to recover of the defendant Dixie Chevrolet Company? Answer: '$200.00.'

"7. What damages, if any, is Dixie Chevrolet Company entitled to recover of the Chevrolet Motor Company and General Motors Corporation? A. '$200.00.'"

It is in evidence that the engine of the automobile purchased by plaintiff was defective and that a new engine would cost about $200. The original purchase price of the car was $733.00. The condition of the engine was reported to the seller, the Dixie Company, and it in turn reported the matter to the dealer, the Chevrolet Company, and a mechanic was sent from Charlotte to Dunn, N. C., to remedy the defect, which he was not able to accomplish.

The court instructed the jury that, as counsel for the Dixie Company had admitted on the argument, "the car was defective at the time, it would be your duty to answer the first issue 'Yes.'" Exception by the other defendants. The Dixie Company has not appealed.

The principal question debated on the appeal was whether the Dixie Company is entitled to judgment over against its codefendants under the "Chevrolet Standard Warranty," which provides:

"The manufacturer warrants each new motor vehicle . . . to be free from defects in material or workmanship under normal use and service, its obligation under this warranty being limited to making good at its factory any part or parts thereof which shall, within 90 days after delivery of such vehicle to the original purchaser or before such vehicle has been driven 4,000 miles, whichever event shall first occur, be returned to it," etc.

It is admitted that the defective parts were not returned to the manufacturer within ninety days after delivery, or before the car had been

driven 4,000 miles, but the contention is that these provisions were waived by sending a mechanic to repair the automobile. The appealing defendants rely upon the decisions in *Gibbs v. Plymouth Motor Corp.,* 203 N. C., 351, 166 S. E., 74, and *Ford v. Willys-Overland, Inc.,* 197 N. C., 147, 147 S. E., 822.

From judgment on the verdict, the Chevrolet Motor Company and General Motors Corporation appeal, assigning errors.

*I. R. Williams and Rose & Lyon for appellee, Dixie Chevrolet Company.*

*Cansler & Cansler for appellants, Chevrolet Company and General Motors.*

STACY, C. J., after stating the case: The full significance and import of the first issue seems to have been overlooked on all hands. If the automobile purchased by the plaintiff were so defective "that it was not reasonably fit for the use for which it was intended," then the plaintiff would be entitled to recover of the seller for want of consideration. *Swift & Co. v. Aydlett,* 192 N. C., 330, 135 S. E., 141; *Register Co. v. Bradshaw,* 174 N. C., 414, 93 S. E., 898; *DeWitt v. Berry,* 134 U. S., 306; 6 R. C. L., 684, *et seq.* Similarly, the seller would be entitled to recover over against the dealer or manufacturer, irrespective of the terms of the contract of warranty. *Ashford v. Shrader,* 167 N. C., 45, 83 S. E., 29. It is believed that a covenant, however expressed, must be regarded as *nude pact,* and not binding in law, if founded solely upon considerations which the law holds altogether insufficient to create a legal obligation. *Hatchell v. Odom,* 19 N. C., 302. "If it (the article sold) be of no value to either party, it of course cannot be the basis of a sale"—*Ashe, J.,* in *Johnston v. Smith,* 86 N. C., 498. The refusal to warrant against worthlessness would fall with the balance of the supposed contract for want of consideration. *Furniture Co. v. Mfg. Co.,* 169 N. C., 41, 85 S. E., 35 (*Hearse case*).

So long as the first issue stands, it is not worth while to consider the other questions debated on brief. There was error, however, in directing a verdict on this issue, considering the breadth of its terms, and for which a new trial must be awarded the appellants. It is so ordered.

New trial.