F. B. TURNER v. C. C. DISHER CHEVROLET COMPANY, INC.

(Filed 26 February, 1936.)

**1. Principal and Agent C a—**

Where there is plenary evidence that the principal ratified the contract of his agent, objection to the admission of evidence of the contract on the ground that the authority of the agent to make the contract had not been shown, is untenable.

**2. Cancellation and Rescission of Instruments A e—Breach of condition held to go to substance of contract, entitling plaintiff to rescission.**

Where it appears that defendant failed to procure a contract of indemnity insurance as agreed upon by the parties in their contract for the exchange of cars, the breach goes to the substance of the contract and entitles plaintiff to rescind and be placed in *statu quo ante* upon the substantial damage of the car in an accident.

**3. Evidence E d—**

A letter written by an agent is properly admitted against the principal when it is made to appear that the principal subsequently acted upon and ratified the letter.

**4. Appeal and Error J e—**

The admission of a letter in evidence without proper foundation for its admission will not be held reversible error when it appears that appellant was not prejudiced thereby.

APPEAL by defendant from *Sink, J.,* at January Term, 1934, of GUILFORD. No error.

*Henderson & Henderson for plaintiff, appellee.*
*Frazier & Frazier for defendant, appellant.*

PER CURIAM. The issues submitted and answers made thereto were as follows:

"1. Did the defendant enter into a contract with plaintiff whereby it agreed to procure a $50.00 deductible collision policy, as alleged in the complaint? Answer: 'Yes.'

"2. Did the defendant fail to comply with the terms thereof and breach said contract, as alleged in the complaint? Answer: 'Yes.'

"3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: '$163.00.'

"4. Did the plaintiff, by reason of false representations, induce the defendant to enter into said contract? Answer: 'No.'

"5. What damage, if any, did the defendant sustain as a result of said false representations? Answer: ............"

The issues, to which there was no objection, arose upon the pleadings, and the verdict supported the judgment from which the defendant appealed.

The first group of assignments of error discussed in the appellant's brief are to the admission of the plaintiff's evidence as to the contract upon which he sues and alleges was made with him by W. C. Baker, as agent for the defendant, upon the ground that the authority of Baker to make such contract was not shown. However this may be, there is plenary evidence that the contract was subsequently acted upon and ratified by the president of the defendant company, C. C. Disher, which renders these assignments untenable.

The second group of assignments of error discussed in the appellant's brief are to the holding and charge of the court to the effect that the failure to procure the $50.00 deductible clause insurance on the automobile sold by the defendant to the plaintiff was such a breach of the contract between the parties as to entitle the plaintiff to rescind the contract and be placed in *statu quo ante.* "To permit an abandonment it is necessary that the failure of performance go to the substance of the contract, . . ." 13 C. J., p. 657, sec. 734. The failure to procure the insurance, for which the plaintiff was required to pay, in our opinion went to the substance of the contract in suit, and renders these assignments untenable.

The third assignment of error discussed in the appellant's brief is to the admission in evidence of a letter by W. C. Baker purporting to set forth the terms of the "trade" between the plaintiff and defendant of a "Chevrolet" for a "LaSalle." There is likewise plenary evidence that this letter was subsequently acted upon and thereby ratified by the president of the defendant company, and the assignment is therefore untenable.

The fourth assignment of error discussed in the appellant's brief is to the admission in evidence of a copy of a letter from the plaintiff to the defendant notifying the defendant that the LaSalle car had been wrecked and asking for an adjustment. Even if it be conceded that the proper foundation was not laid for the introduction of a copy, as argued by the appellant, the contents thereof are not such as could have prejudiced the defendant.

Having contented itself to try this case upon the plaintiff's evidence, without requesting any special instructions as to the law or the presentation of any special contentions, and the jury, under a fair and impartial charge, having answered the issues adversely to it, the defendant must abide the result.

No error.