C. J. McCONNELL v. R. M. JONES.

(Filed 19 November, 1947.)

**1. Trial § 31c: Sales § 27—**

The purchaser admitted he owed a portion of the balance of the purchase price but contended that he was entitled to a reduction of the amount on account of breach of implied warranty. The seller contended he was entitled to recover the full balance of the purchase price. *Held:* An instruction to answer the issue for the full amount claimed by the seller *or* to answer the issue *nothing,* in accordance with the finding upon the question of breach of warranty, must be *held* for reversible error.

**2. Sales § 15—**

While under the doctrine of *caveat emptor* there is no implied warranty of quality in the sale of personalty, there is an implied warranty that the goods be not worthless for the purpose for which intended.

APPEAL by plaintiff from *Patton, Special Judge,* at April Term, 1947, of MECKLENBURG.

Suit by plaintiff to determine the balance due on 56 tons of hay purchased by him from the defendant. The jury returned verdict that plaintiff was indebted to the defendant in the sum of $859.13 with interest, and from judgment in accord therewith the plaintiff appealed.

*McRae & McRae for plaintiff, appellant.*
*McDougle, Ervin, Fairley & Horack for defendant, appellee.*

DEVIN, J. Some controversy having arisen between plaintiff and defendant as to the balance due on a quantity of hay purchased from the defendant, the plaintiff adopted the procedure of instituting an action to determine the amount he owed. However, the defendant having answered and set up the amount he claimed was due, questions as to the form and sufficiency of the complaint are not presented.

The plaintiff bottomed his action on breach of implied warranty in the sale of the hay, in that a portion of it was unfit for the use for which it was intended. He offered evidence tending to show that much of the hay delivered contained sticks, stones and rubbish unfit for food for cattle and had to be thrown away. He testified one-third of the hay was good, one-third was passable, and one-third no good. Said he: "Cattle will not eat it. . . ., it can't be classified as hay." A number of truck loads of this worthless material was hauled away and thrown in the gulleys. He testified he contracted for good lespedeza hay; that the hay was delivered in installments (ten) over a period of several weeks; that the first deliveries were all right, and that he did not have opportunity to inspect all later deliveries. Plaintiff paid $825, about half of the contract price, and admitted he owed a portion of the balance, but claimed reduction in the amount on account of breach of implied warranty as to a substantial part of the hay delivered.

The defendant's evidence was sharply contradictory and tended to show that plaintiff had gotten what he contracted to buy; that it was received without objection, part of it used, and $825 paid on account without criticism, and that only when defendant began to press him for the balance was any complaint made.

Plaintiff assigns error in the court's instructions to the jury, in that it was stated that the plaintiff claimed he owed nothing, and the case was in effect presented as one in which the defendant must recover all he claimed or nothing. The court stated the contentions of the parties as being that plaintiff contended he owed the defendant nothing, and that defendant contended plaintiff owed him $859.13. After charging the jury if they found that plaintiff purchased the hay in question from the defendant, and that plaintiff inspected the hay and accepted the same, they should answer the issue $859.13 with interest, the court said, "If, on the other hand, gentlemen of the jury, you find that the hay in question was purchased by plaintiff from defendant, and that said hay was not reasonably fit for the purpose for which it was sold and purchased, then it would be your duty to answer the issue nothing." This instruction was repeated in substantially similar form.

It is apparent that plaintiff's case that he owed part but not all was not properly presented to the jury, nor was the jury instructed that the purpose of plaintiff's suit was to reduce the amount claimed as balance due on the contract price of the hay, in proportion to the amount of hay delivered which was unfit for use, if they found any substantial portion of it was unfit. The jury should have been given opportunity, if they found in accordance with plaintiff's evidence, to award less than the whole of defendant's claim. *Davis v. Morgan, ante,* 78.

Athough, under the maxim of the common law *caveat emptor,* there is no implied warranty as to quality in the sale of personal property, the seller is nevertheless held to the duty of furnishing property in compliance with the contract of sale and such as shall be capable of being used for the purpose intended. *Ashford v. Shrader,* 167 N. C., 45, 83 S. E., 29; *Furniture Co. v. Mfg. Co.,* 169 N. C., 41, 85 S. E., 35; *Swift & Co. v. Aydlett,* 192 N. C., 330, 135 S. E., 141; *Williams v. Chevrolet Co.,* 209 N. C., 29, 182 S. E., 719. In the expressive language of *Lord Ellenborough* in *Gardner v. Gray,* 4 Campbell, 143, "the purchaser cannot be supposed to buy goods to lay them on a dunghill." In the *Ashford case, supra,* the contract was for 600 boxes of oranges. Proof that one-third of them were unusable was held sufficient to support recovery *pro tanto* on the ground of breach of implied warranty.

Other exceptions noted and brought forward in plaintiff's appeal have not been considered, as, for the reasons stated, there must be a new trial, and the questions therein raised may not be again presented.

New trial.