## FRANK H. HARRIS v. G. R. CANADY.

(Filed 10 December, 1952.)

**Sales § 27—**

> Where the sole defense to an action on a note for the purchase price of an article is breach of warranty in the sale of the article, the jury should be instructed to answer the issue as to the amount plaintiff is entitled to recover in the amount of the note, with damages on the counterclaim to be ascertained under a subsequent issue, but where under instructions of the court the jury applies the counterclaim to a reduction in the amount due on the note, and there is no error in the court's charge as to the measure of damages for breach of warranty, the result is not prejudicial and a new trial will not be awarded.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Carr, J.,* August Term, 1952, of NEW HANOVER. No error.

Plaintiff sued on a note in the sum of $350 with interest from 30 August, 1949.

The defendant admitted the execution of the note, but set up a counterclaim for damages for breach of warranty in the sale of a meat display refrigerator box for the purchase of which the note was given.

The defendant alleged and offered evidence tending to show that the plaintiff warranted the meat box to be in first-class condition, and that it would preserve fresh meat from spoiling; that he relied on this warranty and purchased the box for use in his retail meat business; that the box proved worthless for the purpose, and that in attempting to use it he lost a considerable quantity of meat and also incurred expense in the effort to make it usable. Defendant asked that he recover damages in sum of $500 for breach of warranty.

There was evidence *contra* on the part of plaintiff.

Issues were submitted to the jury and answered as follows:

"1. Did the defendant execute and deliver to the plaintiff the note in the sum of $350 as alleged in the complaint?

"Answer: YES.

"2. Did the plaintiff warrant the meat box sold by him to the defendant to be in first-class condition, and that it would preserve and keep from spoiling fresh meats placed in the same, as alleged in the answer?

"Answer: YES.

"3. Was there a breach of said warranty by the plaintiff, as alleged in the answer?

"Answer: YES.

"4. What amount, if any, is the plaintiff entitled to recover of the defendant?

"Answer: $250.

"5. What amount, if any, is the defendant entitled to recover of the plaintiff?

"Answer: NONE."

The court gave this instruction to the jury, to which defendant excepted.

"Now, if the damages you assess in the case is less than the amount due on the note, with interest, then you would credit the note with such damage, and answer that issue #4 in such amount as represents the difference between the damages and the amount due on the note, plus interest.

"But if you find the damage to be greater than the amount of the note, to-wit, $350.00, plus interest, which would be around $412.00 or $413.00, as the court calculates it, and you find the damages is greater than that amount, then you would answer the fourth issue 'nothing,' and as to the fifth issue—'What amount, if any, is the defendant entitled to recover of the plaintiff?'—you would fix the amount as the difference between the amount of the note, plus interest, and the damage you have assessed."

From judgment on the verdict the defendant appealed.

*No counsel for plaintiff, appellee.*
*Clayton C. Holmes for defendant, appellant.*

DEVIN, C. J. The defendant noted exceptions to portions of the judge's charge to the jury, and assigns error in the manner in which the case was submitted to the jury as tending to confuse the issues. He contends that as a result defendant's counterclaim was not understood and properly considered by the jury.

We think the jury should have been instructed to answer the issue addressed to the plaintiff's cause of action in the amount of $350 and

interest, and that then the evidence pertaining to the defendant's counter-claim for damages should have been correlated and under proper instructions submitted to the jury to be applied to issues of warranty, breach of warranty and damage.

However, there was no exception to the issues as submitted, and the court properly instructed the jury if they found the plaintiff warranted the meat box as alleged, and that there was a breach of such warranty, the measure of damages would be the difference between the value of the meat box as warranted and its value in the condition in which it was delivered, plus expense incurred in efforts to repair, and loss of meat resulting from the condition of the box when attempt was made to use it.

Under the court's charge the jury has determined the amount of damages which the defendant is entitled to have for breach of warranty and this amount has been applied to the reduction of the amount due on the note. Hence we do not perceive that harm has resulted to the defendant from the manner in which the case was submitted to the triers of the fact.

The result will not be disturbed.

No error.

PARKER, J., took no part in the consideration or decision of this case.