IVEY HENDRIX v. B & L MOTORS, INC.

(Filed 23 March, 1955.)

**1. Sales § 27—**

The measure of the damages ordinarily recoverable for breach of warranty of personal property is the difference between the reasonable market value of the article as warranted and as delivered, with such special damages as were within contemplation of the parties.

**2. Same—**

The purchaser, at his election, may sue for rescission of a contract of sale for breach of warranty even in the absence of fraud, unless he is barred by retention and use of the property after he discovers or has reasonable opportunity to discover the defect. The purchaser is not required to reject the machinery purchased at once, but has a reasonable time to operate and test it to ascertain whether it fills the specifications of the contract and warranty.

**3. Same: Automobiles § 6—Action held one for rescission of sale of automobile for breach of warranty.**

Plaintiff's allegations and evidence were to the effect that he was induced to purchase an automobile by defendant's warranty that it was in perfect mechanical condition and that it was guaranteed against mechanical defects for 30 days, that upon discovery of mechanical defects, plaintiff made demand that defendant take back the car and return to plaintiff the car which plaintiff had traded as part of the purchase price, all within the 30 day period, that upon defendant's refusal, plaintiff put the car in his garage where it was later repossessed by the finance company, the car having been driven only some 50 to 60 miles while in plaintiff's possession. *Held:* The action was for rescission of the sale for a breach of warranty,

and the car which plaintiff had traded in as part payment of the purchase price having been sold, the damages were properly predicated in part upon the value of that car at the time it was traded in.

**4. Trial § 22c—**

　　Discrepancies and contradictions even in plaintiff's evidence are for the jury to resolve, and do not justify nonsuit.

**5. Trial § 48½—**

　　Where the cause is correctly submitted on the theory made out by plaintiff's allegations and evidence, the denial of defendant's motion for a mistrial on the ground that during the course of the trial the theory of the trial had been changed so as to take defendant by surprise, will not be held for error when it appears that the court, after it had returned to the original theory of trial, re-opened the evidence in its discretion, and that defendant then introduced its testimony upon the relevant question.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Pless, J.,* October Term, 1954, of WILKES.

Plaintiff sued to recover damages in the amount of $845.00, alleged to constitute its loss on account of defendant's breach of its express warranty of a 1952 Hudson Hornet sold by defendant to plaintiff.

The trade, made 16 December, 1953, was as follows: Plaintiff delivered to defendant a Buick car, as part purchase price for the Hudson. Defendant took the Buick subject to a $200.00 lien thereon. Plaintiff executed "papers" on the Hudson for the balance of the purchase price therefor. These "papers" are not in the record. Later, "the finance company" had them. Conflicting evidence as to valuations placed on the respective cars and as to other terms of the transaction is not material on this appeal.

Plaintiff alleged, and offered evidence tending to show, the following facts:

1. That he was induced to purchase the Hudson by defendant's warranty that it was in perfect mechanical condition and was guaranteed against any mechanical defects whatever for thirty days.

2. That the Hudson became overheated when driven from defendant's place of business to plaintiff's home; that it was taken promptly to defendant for repairs; that, after the repair of this condition was attempted, plaintiff's son got the Hudson from defendant, but soon took it back because "the transmission was hung in second gear, it wouldn't go no farther"; and that, after defendant had undertaken to repair this condition, plaintiff's son got the car from defendant again, but soon thereafter it was discovered that water was leaking into the oil.

3. That plaintiff made demand that defendant give him the Buick and take back the Hudson, but defendant refused to do so, etc., as pointed out

in the opinion; and plaintiff advised defendant that he would make no payment to "the finance company."

4. That the above events occurred during the thirty-day period; that the Hudson was then put in the garage at plaintiff's home; and that the Hudson was driven some 50-60 miles while in plaintiff's possession.

5. That "the finance company" got the Hudson from plaintiff's home after the second payment had become due, some ninety days after 16 December, 1953.

Other evidence tends to show that defendant got the Hudson from "the finance company"; that defendant sold the Hudson to another purchaser on 31 March, 1954; and that defendant had previously sold the Buick on 11 January, 1954.

Defendant denied the material allegations of the complaint, averring there was no warranty or breach thereof. Defendant also set forth its version of the terms of the sale.

The jury found that the defendant warranted the Hudson as alleged by plaintiff; that the defendant breached its warranty; and fixed the damages, on the basis of the reasonable market value of the Buick, less $200.00, at $645.00.

Judgment in plaintiff's favor, for $645.00 and costs, was entered on the verdict. Defendant excepted and appealed. Its assignments of error, as brought forward in its brief, are directed to three subjects: (1) the admission of evidence and instructions to the jury on the issue of damages; (2) the failure to allow its motion for judgment of nonsuit; and (3) the failure to grant its motion for a mistrial.

*Trivette, Holshouser & Mitchell for plaintiff, appellee.*
*W. H. McElwee, Jr., for defendant, appellant.*

BOBBITT, J. The measure of the damages ordinarily recoverable for breach of warranty of personal property is the difference between the reasonable market value of the article as warranted and as delivered, with such special damages as were within contemplation of the parties. *Cable Co. v. Macon,* 153 N.C. 150, 69 S.E. 14; *Underwood v. Car Co.,* 166 N.C. 458, 82 S.E. 855; *Kime v. Riddle,* 174 N.C. 442, 93 S.E. 946; *Troitino v. Goodman,* 225 N.C. 406, 35 S.E. 2d 277; *Harris v. Canady,* 236 N.C. 613, 73 S.E. 2d 559. Appellant insists that plaintiff's damages, if any, should have been determined by the application of this rule to the (warranted) Hudson car.

If plaintiff had elected, after discovery of the breach of warranty, to accept and keep the Hudson car, appellant's position would be well taken; for the court applied the rule of damages applicable to an action for rescission. On the issue of damages, the court's instruction was that the

burden of proof was on plaintiff to satisfy the jury from the evidence and by its greater weight as to the reasonable market value of the Buick when delivered by plaintiff to defendant on 16 December, 1953; that, after the jury had determined this amount, they would subtract $200.00 therefrom; and that the remainder would be the measure of plaintiff's loss and their answer to the issue. In so doing, we think the court analyzed correctly the complaint and evidence; and that the plaintiff's action was to rescind the transaction of 16 December, 1953, on account of breach of warranty, and to recover the consideration paid by plaintiff to defendant.

True, plaintiff did not allege in express terms that he was entitled to recover the Buick. Nor did he allege in express terms that the purpose of his action was to rescind the transaction of 16 December, 1953. Defendant had sold the Buick on 11 January, 1954. This action was commenced 18 March, 1954. Therefore, upon rescission of the transaction of 16 December, 1953, plaintiff could not recover the Buick but only the value thereof. The amount of damages alleged was $845.00, the exact amount plaintiff alleged was the valuation placed upon his equity in the Buick in the transaction of 16 December, 1953. There is allegation and supporting evidence that, upon discovery of the defective condition of the Hudson, plaintiff endeavored to get defendant to return the Buick to plaintiff and to take back the Hudson but that defendant refused to do so. Plaintiff's evidence tends to show that in so doing plaintiff offered "to pay all costs of transferring title, whatever he was out . . ."

Where the basis of the plaintiff's action is breach of warranty, may a buyer, at his election, and in the absence of fraud, maintain an action for rescission? The answer is "Yes," unless he is barred by retention and use, after he discovers or has reasonable opportunity to discover the defect, or other ground recognized as a defense to such action.

Before the Uniform Sales Act, the majority common-law view, based on English precedents, denied any right on the part of the buyer, in the absence of fraud, to rescind for breach of a warranty as to quality. North Carolina was regarded as one of a minority of jurisdictions which upheld the right of rescission in case of express and implied warranties, although unaccompanied by fraud. 46 Am. Jur. 886, Sales, sec. 758. The writer of this text cites *Baker v. Brem,* 103 N.C. 72, 9 S.E. 629, 4 L.R.A. 370, and *W. F. Main Co. v. Field,* 144 N.C. 307, 56 S.E. 943, 11 L.R.A. (N.S.) 245, 119 Am. St. Rep. 956, as indicative of the rule recognized in North Carolina.

Since the wide adoption of the Uniform Sales Act, there is no longer a serious division of authority. Williston on Sales, Rev. Ed., sec. 608a. Section 69 thereof provides that a buyer may, at his election, rescind the contract for breach of warranty. While the Uniform Sales Act has not been adopted by our General Assembly, other jurisdictions, by reason of

its provisions, are now largely in accord with the North Carolina view on the subject under consideration.

*Furches, J.,* in a comprehensive statement of a buyer's rights upon breach of warranty by the seller, says: "The purchaser is not compelled in all cases to reject the property, at once, upon its receipt; if it is machinery, he has a reasonable time to operate the machinery for the purpose of testing it. But when this is done, and it is found that the machine or the machinery does not fill the specifications of the contract and warranty, he must then abandon the contract and refuse to accept and use the property; and if he does not do this, but continues the possession and use of the property, he will be deemed in law to have accepted the property, and his relief then will be an action for damages upon the breach of warranty. 2 Benjamin on Sales, p. 1147." *Mfg. Co. v. Gray,* 124 N.C. 322, 32 S.E. 718. In the case cited, the buyer did not undertake to rescind. He kept and used the machinery involved and resisted the seller's action to recover possession thereof. Hence, the quoted excerpt may be regarded as *dicta.* Even so, it is in accord with North Carolina decisions.

When a sale is made of an article with knowledge of the use for which it is intended, and the article is wholly unfit for such use, the right of the purchaser to rescind and to recover the consideration paid has been recognized by this Court. *Aldridge Motors, Inc., v. Alexander,* 217 N.C. 750, 9 S.E. 2d 469; *Pool v. Pinehurst, Inc.,* 215 N.C. 667, 2 S.E. 2d 871; *Williams v. Chevrolet Co.,* 209 N.C. 29, 182 S.E. 719, and cases cited. While emphasis is placed upon the concept of total failure of consideration, it would seem that in essence such action is to rescind for breach of implied warranty. *McConnell v. Jones,* 228 N.C. 218, 44 S.E. 2d 876; *Ashford v. Shrader,* 167 N.C. 45, 83 S.E. 29; Williston on Sales, Rev. Ed., sec. 239.

In *Turner v. Chevrolet Co.,* 209 N.C. 587, 183 S.E. 742, the record discloses the following facts. The plaintiff purchased a LaSalle from defendant. As purchase price, he delivered to defendant a Chevrolet valued at $107.50. In addition he paid $54.00 as installments on title retention contract held by defendant for balance of purchase price. He paid also a title fee of $1.50. The LaSalle was damaged in collision. It was taken to defendant's place of business where repairs were made. The plaintiff offered to pay $50.00 on the repair bill. The defendant demanded $100.00. Upon refusal of plaintiff to meet such demand the defendant retained possession of the LaSalle. Plaintiff brought and successfully prosecuted his action to rescind, recovering $163.00, the total of what he had paid. The jury answered the fraud issue in defendant's favor but found that defendant breached its agreement to procure a $50.00 deductible collision policy on the LaSalle protecting plaintiff from loss. True, the contract provision breached did not relate to the quality of the

LaSalle.  Even so, as in case of a warranty as to quality, it went to the substance of the contract.

The underlying reasons for the rule that the buyer may, at his election, and in the absence of fraud, maintain an action to rescind for breach of warranty, express or implied, are stated cogently by Professor Williston as follows:

"If a sale is induced by fraudulent statements, rescission is admittedly proper.  And if a seller knows of the falsity of the statements he makes which constitute a warranty, he is fraudulent, and the bargain may be rescinded in jurisdictions which deny the remedy of rescission for breach of warranty generally.  The morality of taking advantage afterwards of false statements innocently made, by insisting on retaining the advantage of a sale induced thereby, is almost as questionable as that of making knowingly false statements to bring about the sale.  It is a difficult question of fact, and one which arises in very many cases of broken warranty, how far the seller knew that his warranty was false.  It is a practical advantage if the decision of this question becomes immaterial as it does where rescission is allowed for breach of warranty."  Williston on Sales, Rev. Ed., sec. 608.

Appellant assigns as error the court's refusal to allow its motion for judgment of involuntary nonsuit.  Its contention is that the evidence discloses that plaintiff was not the real party in interest.  G.S. 1-57.  True, plaintiff's minor son gave testimony, somewhat contradictory, part of which tended to show that he owned the Buick or had an interest in it.  However, the transaction was between plaintiff and defendant; and plaintiff's testimony to the effect that he owned the Buick is direct and positive.  It is for the jury, not the court, to resolve discrepancies and contradictions in the evidence, even though such occur in the evidence offered in behalf of plaintiff.  *Cozart v. Hudson*, 239 N.C. 279, 78 S.E. 2d 881, and cases cited.

Appellant also assigns as error the court's refusal to grant its motion for a mistrial.  During the testimony of plaintiff, the first witness, the question arose as to whether plaintiff's recovery, if allowed, should be on the basis of the reasonable market value of the Buick, as contended by plaintiff, or on the basis of the difference between the reasonable market value of the Hudson as warranted and as delivered, as contended by defendant.  Testimony of plaintiff and of his son was admitted, over defendant's objection, directed to the reasonable market value of the Buick.  Later, it appears that the court was inclined to adopt defendant's view; for testimony was admitted as to the value of the Hudson.  However, the court's final ruling was correct and in accord with its original ruling; and, when the defendant rested without offering evidence as to the reasonable market value of the Buick, the court, in its discretion, reopened the

evidence; and thereupon defendant offered evidence as to the reasonable market value of the Buick.

Under the foregoing circumstances, defendant made its motion for a mistrial, which was denied. The ground for its motion was that the theory of the trial had been changed to such extent that it was taken by surprise, offguard and unprepared. While the record indicates that the court wavered for a time after making its original ruling and before returning thereto, the record hardly supports the view that defendant was taken by surprise or otherwise prejudiced thereby. The complaint disclosed the theory of plaintiff's case. Plaintiff, the first witness, offered testimony as to the reasonable market value of the Buick. Before the case was submitted to the jury, defendant offered three witnesses, who knew the Buick well, who gave testimony as to the reasonable market value of the Buick.

As stated by *Barnhill, J.* (now *C. J.*): "It is altogether discretionary with the presiding judge whether he will re-open the case and admit additional testimony after the conclusion of the evidence and even after argument of counsel. *Williams v. Averitt,* 10 N.C. 308; *Ferrell v. Hinton,* 161 N.C. 348, 77 S.E. 224; *Worth v. Ferguson,* 122 N.C. 381; *Dupree v. Ins. Co.,* 93 N.C. 237. When the ends of justice require this may be done even after the jury has retired. *Parish v. Fite,* 6 N.C., 258; see also *Gregg v. Mallett,* 111 N.C. 74, and *Wood v. Sawyer,* 61 N.C. 251, at p. 274." *Miller v. Greenwood,* 218 N.C. 146, 10 S.E. 2d 708.

The jury, on conflicting evidence, decided the issues of fact in plaintiff's favor; and no prejudicial error in law sufficient to disturb the judgment has been made to appear.

No error.

BARNHILL, C. J., took no part in the consideration or decision of this case.