LESTER GROSSMAN, T/A LESTER GROSSMAN COMPANY, v. M. J. JOHNSON, INDIVIDUALLY, AND M. J. JOHNSON AND DORIS JOHNSON, T/A COLONIAL MOTOR COURT, AND DORIS JOHNSON, INDIVIDUALLY.

(Filed 21 September, 1955.)

**1. Sales § 27—**

The measure of damages for breach of warranty in the sale of personal property is the difference between the market value of the goods at the time and place of delivery, as delivered, and such value if the goods had complied with the warranty, together with such special damages as were within the contemplation of the parties.

**2. Same—**

Where, upon counterclaim for breach of warranty, the purchaser offers no evidence as to the value of the goods, as delivered, at the time and place of delivery, the purchase price must be regarded as the actual value, and, in the absence of allegation of special damages, nonsuit on the counterclaim is proper, and further, the balance due on purchase price being admitted, a directed verdict against the purchaser for the balance due must be upheld.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Judge Clifton L. Moore,* March Term, 1955, of CAMDEN.

The plaintiff instituted this action to recover a balance of $387.25, due and unpaid on an account for merchandise sold and delivered to the defendants for an agreed consideration of $2,720.10. The defendants admitted the receipt of the goods as alleged and did not deny that they agreed to pay the consideration therefor, as alleged in the complaint. They further admitted the payment of $2,332.85 on the account. They did aver, however, in their answer, that the true value of the goods delivered was less than $2,720.10, and set up a counterclaim alleging breach of warranty and asked for damages in the amount of $1,265.85.

The evidence tends to show these facts: The plaintiff is in the retail carpet and furniture business in Norfolk, Virginia. The defendants operate the Colonial Motor Court at South Mills, North Carolina. From 8 March, 1951, to 27 February, 1952, the plaintiff sold to the defendants certain furniture, bedding, pillows, mattresses and box springs, for which they agreed to pay $2,720.10. According to the testimony of the defendant M. J. Johnson, he purchased from the plaintiff seventeen Simmons Simfoam mattresses and twelve Simmons Simfoam Box Springs, at the wholesale price of $48.50 each, a total of $1,406.50; that Beautyrest mattresses and box springs could have been purchased from the plaintiff for $46.50 each. That the plaintiff told him the Simfoam mattresses were guaranteed for ten years; that he did not notice any defect in the mattresses until a short time after 22 January, 1952, when upon an examination thereof he found that all of them were defective. He immediately requested the plaintiff to inspect them.

The plaintiff testified that he inspected the mattresses and that some of them were defective; that nothing was mentioned about a guarantee at the time these mattresses were sold to the defendants. That he agreed on behalf of the Simmons Company to exchange all of the Simfoam mattresses for Beautyrest mattresses, but would not agree to exchange the box springs as they were identical with the Beautyrest box springs, except for the ticking, and that "we offered to put new ticking on the box springs." The defendants refused to accept the Beautyrest mattresses in exchange for the Simfoam mattresses unless the plaintiff would also exchange the box springs for new springs. The defendants admitted that this offer was made and refused for the reasons stated by the plaintiff.

At the close of all the evidence, the court, *ex mero motu,* nonsuited the defendants' counterclaim and submitted the following issue:

"1. In what amount, if any, are the defendants indebted to the plaintiff? Answer: $387.25."

Judgment was entered on the verdict and the defendants appeal, assigning error.

*Robert B. Lowry and Gerald F. White for appellee.*
*J. T. Chaffin for appellants.*

DENNY, J. This appeal requires an answer to these questions: 1. Did the court below commit prejudicial error by entering on its own motion a judgment as of nonsuit on the defendants' counterclaim? 2. Did the court err in giving peremptory instruction on the issue submitted?

The defendants alleged in their counterclaim that the "29 Simmons Simfoam mattresses and box springs were at the time of delivery to the defendants of the value of $140.65, or some other nominal sum; that they would have been of the value of $1,406.50 if they had answered to said warranty."

The correct rule as to the measure of damages for breach of warranty of personal property is the difference in the market value at the time and place of delivery, between the goods as they were and as they would have been if they had complied with the warranty, with such special damages as were within the contemplation of the parties. *Cable Co. v. Macon,* 153 N.C. 150, 69 S.E. 14; *Underwood v. Car Co.,* 166 N.C. 458, 82 S.E. 855; *Harris v. Canady,* 236 N.C. 613, 73 S.E. 2d 559; *Hendrix v. Motors, Inc.,* 241 N.C. 644, 86 S.E. 2d 448. But, where there is no evidence as to the value of the goods at the time and place of delivery, the purchase price will be regarded as the actual value. *Cable Co. v. Macon, supra;* 35 Cyc., page 648; 55 C.J., Sales, section 844, page 856; 77 C.J.S., Sales, section 367, page 1305.

It is not necessary for us to consider or discuss the question of special damages since no such damages were alleged.

In the trial below, the defendants offered no evidence whatever as to the difference between the reasonable market value of the mattresses as warranted (if it be conceded they were warranted), and as delivered. Therefore, the court had no alternative other than to regard the purchase price of the goods sold and delivered as the true value thereof. Hence, in our opinion, the judgment as of nonsuit on the defendants' counterclaim should be upheld.

The defendants also except to and assign as error the instruction given to the jury on the issue submitted, which was as follows: "The Court instructs you that if you believe the evidence in this case and find by the greater weight thereof, the facts to be as the evidence tends to show, bearing in mind that the burden is upon the plaintiff, as already explained by the court, then it would be your duty to answer this issue:

$387.25. If the plaintiff has failed to so satisfy you, then it would be your duty to answer it in a lesser amount, or nothing."

It is clear that the plaintiff, upon the evidence adduced in the trial below, was entitled to a judgment for the balance of the purchase price. *Price v. Goodman,* 226 N.C. 223, 37 S.E. 2d 592. Therefore, since the amount of the purchase price of the goods has never been disputed by the defendants, nor the amount of the unpaid balance thereon, the instruction must be upheld. *Price v. Goodman, supra.*

We have carefully considered the remaining exceptions and assignments of error, and in view of the conclusions we have reached on the questions heretofore considered, in our opinion the additional matters complained of and assigned as error could not possibly have affected the result of the trial below.

No error.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.