HENRY VANN COMPANY, INC. v. THERLO BAREFOOT AND WIFE, RUBY BAREFOOT.

(Filed 8 October, 1958.)

**1. Sales § 27—**

Allegations in the complaint as amended to the effect that plaintiff traded motor vehicles with defendants, that the vehicle traded to plaintiff was thereafter seized and confiscated by the Federal Government, resulting in a total failure of consideration for the vehicle traded to defendants, and seeking to recover the value of the vehicle traded to defendants, *are held* sufficient to allege a cause of action for damages for breach of implied warranty of title of the vehicle traded to plaintiff.

**2. Trial § 36—**

Even though the facts relating to a particular matter are controverted in the pleadings, unless the controverted facts raise an issue "material to be tried," i.e. determinative of the rights of the parties, G.S. 1-200, it is error to submit such issue.

**3. Same: Sales § 27— Where vehicle sold is seized and confiscated by Federal Government, purchaser is not required to prove ground for seizure in order to recover.**

Plaintiff and defendants traded motor vehicles. The vehicle traded to plaintiff was thereafter seized and confiscated by the Federal Government. *Held:* In order to recover for breach of implied warranty of title, plaintiff was not required to prove, as the basis of the confiscation, that the vehicle had been used in the illegal transportation of intoxicating liquor, such issue being determinable solely as provided in Federal statutes, and the submission of such issue and the court's action in basing judgment thereon is prejudicial error, entitling plaintiff to a new trial. However, in order to recover for breach of implied warranty of title, plaintiff should allege and prove that the vehicle was confiscated by judgment of the Federal Court, and that defendants' title to the vehicle was divested prior to the trade.

PARKER, J., not sitting.

APPEAL by plaintiff from BONE, *J.*, April Civil Term, 1958, of SAMPSON.

Civil action to recover damages on account of alleged breach of implied warranty of title.

Plaintiff's original allegations, summarized, are as follows:

On December 13, 1954, defendants were the owners of a 1954 Ford Victoria, Motor No. U4NV 153435; and on said date Sherwood Barefoot, defendants' minor son, was arrested by the Chief of Police of Benson, North Carolina, "while transporting nontax-paid whiskey on said car." Defendants, with knowledge that "the Federal Treasury Department was in search of said automobile for the purpose of confiscating" it, "conspired each with the other to trade said automobile in order that the Federal Government would not seize said automobile and confiscate same." Pursuant to said conspiracy, defendants, on February 23, 1955, traded said automobile to plaintiff and received from plaintiff a credit of $2,033.00 on a new 1955 pickup truck. Plaintiff sold the 1954 Ford Victoria delivered to it by defendants; but thereafter the Federal Government located, seized and confiscated it. Plaintiff refunded the purchase price paid by the purchaser. Plaintiff, "as a result of the conspiracy of the defendants in trading said automobile," was damaged in the amount of $2,033.00 and in the additional amount of $125.00 on account of expenses incurred in securing and delivering the 1954 Ford Victoria to the United States Treasury Department.

*An amendment to the complaint* alleged that the 1955 pick-up truck delivered by plaintiff to defendants in said trade had a value of $2,033.00; that there was a total failure of consideration; and that defendants were indebted to plaintiff in the amount of $2,033.00.

Answering the original complaint, defendants admitted that on December 13, 1954, the 1954 Ford Victoria was being operated by their minor son; that their minor son was arrested on said date by the Chief of Police of Benson; and that "said automobile was traded to the plaintiff for a truck and that certain credit was allowed therefor." Answering the amendment, defendants admitted "that on February 23, 1955, the defendant Therlo B. Barefoot traded vehicles with the plaintiff." Defendants did not deny that plaintiff had sold the 1954 Ford Victoria or that the same was seized by federal officers; but, except as stated, the allegations of the complaint were denied. Defendants specifically denied that the 1954 Ford Victoria was "subject to, or confiscated by the U. S. Government."

The jury's verdict was as follows:

"1. Did the plaintiff sell to the defendants the pickup truck described in the complaint and receive as payment therefor the 1954 Ford Victoria automobile described in the complaint? Answer: Yes.

"2. Was said 1954 Ford Victoria automobile used by defendants' son, Sherwood Barefoot, on December 13, 1954, in the illegal transportation of intoxicating liquors upon which the taxes due the United

States Government had not been paid? Answer: No.

"3. Was said automobile subsequently seized from plaintiff by the Federal officers and confiscated by judgment of the United States District Court? Answer: Yes.

"4. What amount, if any, is plaintiff entitled to recover of the defendants? Answer ........"

Judgment was entered providing that plaintiff take nothing by its action and that defendants go without day and recover their costs. Plaintiff excepted and appealed, assigning errors.

*Butler & Butler for plaintiff, appellant.*
*No counsel contra.*

BOBBITT, J. The only evidence was that offered by plaintiff. All the evidence was to the effect that the transaction of February 23, 1955, was an even trade in which each vehicle was valued at $2,033.00.

In charging the jury, the court gave peremptory instructions in plaintiff's favor on the first and third issues. As to the fourth issue, the instruction was as follows: "Now, if you have answered either one of the first three issues no, then you would answer the fourth issue 'nothing;' but if you have answered all of the first three issues yes, and come to consider the fourth issue, then if you believe the evidence and find the facts to be as all the evidence tends to show, you would answer the fourth issue $2,033.00."

As appears from the quoted instruction and the judgment, the court held that plaintiff could not recover unless it established by jury verdict in this action that the 1954 Ford Victoria was used by defendants' son on December 13, 1954, in the illegal transportation of intoxicating liquors upon which the taxes due the United States Government had not been paid. Moreover, it seems that plaintiff, when the original complaint was filed, had the same idea.

But, while relying on certain of the facts originally alleged, plaintiff, by amendment, based its cause of action on total failure of consideration. The complaint, as amended, apart from original allegations as to conspiracy and as to what occurred on December 13, 1954, alleged that plaintiff was entitled to recover the reasonable market value of the 1955 pickup truck delivered by it to defendants because defendants had no title to the 1954 Ford Victoria they delivered to plaintiff as full purchase price for the 1955 pickup truck. Liberally construed, the complaint, as amended, alleged a cause of action for damages on account of defendants' alleged breach of their implied warranty of title to the 1954 Ford Victoria. *Hodges v. Wilkinson*, 111 N.C. 56, 15 S.E. 941; *Martin v. McDonald*, 168 N.C. 232, 84 S.E. 258; 46 Am. Jur., Sales sec. 403; 77 C.J.S. Sales sec. 334; 1 Williston on

Sales, Revised Edition, sec. 218. Also, see *Hendrix v. Motors, Inc.*, 241 N.C. 644, 86 S.E. 2d 448.

Plaintiff, upon exceptions aptly taken, assigns as error, *inter. alia*, (1) the submission of the second issue, (2) the court's instructions relating thereto, and (3) the court's action in basing judgment thereon.

True, defendants denied plaintiff's allegations relating to facts referred to in the second issue. In this sense, the issue was raised by the pleadings. But it was not an issue "material to be tried," G.S. 1-200; for final disposition of this case did not depend upon the determination of this issue. *Coulbourn v. Armstrong*, 243 N.C. 663, 666, 91 S.E. 2d 912, and cases cited. Whether the 1954 Ford Victoria was subject to forfeiture on account of use in violation of federal statutes was determinable solely as provided in federal statutes.

Plaintiff alleged that defendants owned the 1954 Ford Victoria on December 13, 1954. Hence, in the factual situation disclosed by this record, it was incumbent upon plaintiff to establish that thereafter, in legal proceedings binding upon defendants, defendants' title to the 1954 Ford Victoria was divested prior to the trade on February 23, 1955.

By answering the third issue, "Yes," the jury found that the 1954 Ford Victoria was "subsequently seized from plaintiff by the Federal officers and confiscated *by judgment of the United States District Court*." (Our italics) The third issue goes beyond plaintiff's allegation. The allegation is that "the Federal Government . . . seized and confiscated said automobile." Plaintiff did not plead a judgment of the United States District Court. It is noted that this action was instituted May 2, 1955, and that the judgment referred to was entered October 29, 1955, or thereafter.

Plaintiff offered in evidence *the portion* of a judgment of the United States District Court in a cause entitled, "*In re United States of America v. One 1954 Model Ford Victoria Automobile, Motor No. U4NV 153435, Henry Vann Company, Inc., Civil No. 441, Fayetteville Division*," reading as follows:

"It is, therefore, ordered, adjudged and decreed that the said 1954 Ford Victoria, Motor No. U4NV 153435, be and the same is hereby condemned as forfeited to the United States of America and that Henry Vann Company, Inc. is not entitled to remission of forfeiture. It is further ordered that the United States Marshal for the Eastern District of North Carolina be authorized and empowered, and he is hereby directed, to deliver said motor vehicle to the Regional Commissioner of Internal Revenue, Treasury Department, Atlanta, Georgia, or his authorized representative, upon payment by said Regional Commissioner of the storage charges incurred on said motor vehicle."

Thus, while the portion of the judgment offered in evidence identifies the 1954 Ford Victoria as the vehicle "condemned as forfeited to the United States of America," whether such forfeiture is based on what occurred prior to February 23, 1955, is not shown. Plaintiff did not offer in evidence the portion of the judgment of the United States District Court containing that court's findings of fact nor did plaintiff offer in evidence any portion of the record showing proceedings prior to judgment.

Upon this record, we express no opinion as to the legal effect of said judgment upon the rights of the parties to this action. Suffice to say, neither the third issue nor the portion of the judgment offered in evidence was sufficient to establish that, in legal proceedings binding on defendants, defendants' title to the 1954 Ford Victoria was divested prior to the trade on February 23, 1955.

For error in submitting the second issue and in basing judgment thereon, plaintiff is entitled to a new trial. Prior thereto, the parties may desire to ask leave to amend so as to draw the determinative issues into clearer focus.

New trial.

Parker, J., not sitting.