H. C. LILLEY, JR. v. MANNING MOTOR COMPANY, INC., AND FORD MOTOR COMPANY, INC.

(Filed 23 September, 1964.)

**1. Sales § 5—**

Ordinarily, an express warranty excludes an implied warranty, and while there are exceptions to this rule, a stipulation in the express warranty excluding implied warranties is held valid in almost all cases.

**2. Same;    Automobiles § 5—   Replacement or adjustment of defective parts in accordance with terms of warranty precludes liability on part of seller.**

Plaintiff declared upon an express warranty against defect in materials and workmanship in the car purchased by him, which warranty stipulated it should be fulfilled by the dealer replacing free of charge any defective part. The uncontradicted evidence tended to show that the dealer replaced or adjusted as far as the purchaser would permit every defective part called to his attention, but that the purchaser refused to permit him to replace or adjust additional items and did not advise him of other asserted defects. *Held:* Nonsuit was properly entered, since under the terms of the warranty the seller was entitled to notice of defects and an opportunity to remedy any deficiencies, there being no contention of a failure of consideration.

APPEAL by defendant, Manning Motor Company, Inc., from *May,* S. J., February 1964 Civil Session of BEAUFORT.

Action for damages for breach of warranty of quality, incident to the sale of an automobile.

Plaintiff sued Manning Motor Company, Inc., (hereinafter referred to as defendant) and the Ford Motor Company, Inc. The action against Ford Motor Company was dismissed on demurrer. Plaintiff did not appeal but pursued his action against Manning alone.

The evidence, in the light most favorable to plaintiff, is briefly summarized as follows:

On 9 June 1962 plaintiff purchased from defendant a new Ford automobile. Defendant delivered to plaintiff the following warranty:

"THIS IS YOUR FORD DEALER'S NEW CAR WARRANTY Ford Motor Company has warranted to the Dealer who, pursuant to his sales agreement with the Company, hereby, on his own behalf, warrants to the Purchaser each part of this 1962 Ford car to be free under normal use and service from defects in material and workmanship for a period of twelve months from the date of delivery to the Purchaser or until it has been driven for twelve thousand miles, whichever comes first.

This warranty shall be fulfilled by the Dealer (or if the Purchaser is traveling or has moved to a different locality, by any Authorized Dealer) replacing at his place of business, free of charge including related labor, any such defective part.

This warranty shall not apply to tires or tubes (appropriate adjustments for them being provided by their manufacturers) or to normal maintenance services (such as engine tune-up and brake inspection) or to normal replacement of service items (such as filters, spark plugs, and ignition points).

This warranty is expressly in lieu of any other express or implied warranty, including any implied warranty of merchantability or fitness, and of any other obligation on the part of the dealer."

Plaintiff used the car for the purpose, among others, of making daily deliveries of newspapers to subscribers on a route about 65 miles in length. Within two weeks the tread on the rear tires was worn off and the rear housing was out of line. When the car had been driven less than 1500 miles the brake linings in the front wheels were worn out and the cigarette lighter would not work. At 5000 to 6000 miles the headliner (lining in the top) fell down. At 6000 to 7000 miles the bearings in the front wheels were badly worn. Plaintiff complained to defendant, from time to time, of these defects, and defendant thereupon replaced the tires, rear housing and brake linings and bearings in the front wheels, put the headliner back in place and repaired the cigarette lighter, all at no cost to plaintiff. Thereafter, plaintiff complained that the paint on the hood was coming off, showing a different color of paint underneath, and that the headliner was soiled when defendant put it back in place. Defendant offered to replace the hood and headliner, but plaintiff refused to permit it, saying that only a new car would satisfy him. Plaintiff testified that the transmission and some other parts were later found to be defective, that the transmission was defective from the beginning — no complaint was made to defendant as to these parts. Plaintiff retained and used the car, and has paid for it in full. Plaintiff testified: "Anything I complained about they (defendant) tried to fix to my satisfaction," and "Mr. Manning did the best he could every time I took the car back to him to work on it or repair it or try to make good what was wrong."

The jury awarded plaintiff $900 damages and judgment was entered accordingly. Defendant appeals.

*Carter & Ross for plaintiff.*

*Norman, Rodman & Hutchins and Junius D. Grimes, Jr., for defendant.*

MOORE, J. Plaintiff bottoms his suit upon the principle that where the property purchased is a mechanical device the buyer has a reasonable time in which to operate and test it and, if it is found that the machine does not fill the specifications of the contract and warranty, he may continue to keep and use it and may maintain an action for damages for breach of the warranty. *Hajoca v. Brooks,* 249 N.C. 10, 105 S.E. 2d 123; *Hendrix v. Motors, Inc.,* 241 N.C. 644, 86 S.E. 2d 448; *Potter v. Supply Co.,* 230 N.C. 1, 51 S.E. 2d 908; *Huyett & Smith Mfg. Co. v. Gray,* 124 N.C. 322, 32 S.E. 718. It is the plaintiff's position that the automobile was substantially defective when delivered, this constituting a breach of the warranty, and that he was entitled to and did recover the difference between the reasonable market value of the automobile as warranted and as delivered. *Insurance Co. v. Chevrolet Co.,* 253 N.C. 243, 116 S.E. 2d 780; *Underwood v. Car Co.,* 166 N.C. 458, 82 S.E. 855. The case was apparently tried in accordance with the plaintiff's theory.

Defendant assigns as error the denial of its motion for involuntary nonsuit. This presents the crucial question whether the evidence makes out a prima facie case of breach of warranty on the part of defendant.

We have recognized the principle that there can be no implied warranty of quality in the sale of personal property where there is an express warranty, and that where a party sets up and relies upon a written warranty he is bound by its terms and must comply with them. The failure of a purchaser to comply with the conditions of the warranty is fatal to a recovery for breach thereof. *Service Co. v. Sales Co.,* 261 N.C. 660, 667, 136 S.E. 2d 56; *Petroleum Co. v. Allen,* 219 N.C. 461, 14 S.E. 2d 402; *Guano Co. v. Live Stock Co.,* 168 N.C. 442, 84 S.E. 774.

In the instant case the written warranty was introduced in evidence and relied on by plaintiff. It provides: "This warranty is expressly in lieu of any other express or implied warranty, including any implied warranty of merchantability or fitness, and of any other obligation on the part of the dealer." There are exceptions to the rule that an express warranty excludes implied warranties of quality. *Fertilizer Works v. Aiken,* 175 N.C. 398, 95 S.E. 657; 164 A.L.R., Anno. — Express and Implied Warranties, pp. 1325-6. But stipulations negativing implied warranties have been held valid in almost all cases throughout the country that seem to have passed on that point. *Petroleum Co. v. Allen, supra; Guano Co. v. Live Stock Co., supra;* 117 A.L.R., Anno. — Sale — Negation of Implied Warranties, pp. 1352-1355. Therefore, the only warranty binding on defendant is the written warranty.

Defendant warranted "each part of this 1962 Ford to be free from defects in material and workmanship for a period of twelve months

from the date of delivery . . . or until it has been driven for twelve thousand miles, whichever comes first." It is further provided that "This warranty shall be fulfilled by the Dealer . . . replacing at his place of business, free of charge including related labor, any such defective part."

Both parties are bound by this special warranty. A failure by the purchaser to comply with the conditions of the warranty is fatal to a recovery for breach of the warranty in an action thereon. *Petroleum Co. v. Allen, supra; Farquhar Co. v. Hardware Co.,* 174 N.C. 369, 93 S.E. 922; *Main Co. v. Griffin,* 141 N.C. 43, 53 S.E. 727. Under the terms of the warranty defendant was entitled to notice of defects in the parts of the automobile and to be given an opportunity to remedy the deficiencies. The uncontradicted evidence is that defendant replaced or adjusted every defective part called to his attention, and which plaintiff would permit him to replace or adjust. Plaintiff refused to permit him to replace the hood and headliner, and plaintiff thereafter made no further complaints to defendant. There is no evidence that the replacements made by defendant were unsatisfactory. At the trial plaintiff acknowledged that defendant did everything he was requested to do with respect to the replacement of parts. Plaintiff prevented defendant from further complying with the terms of the warranty; this is fatal to plaintiff's action. *Insurance Co. v. Chevrolet Co., supra;* 77 C. J. S., Sales, § 340, p. 1235.

A vendee may recover against the vendor, irrespective of the terms of the warranty, if there is a failure of consideration. If an article is of no value to either party, it cannot be the basis of a sale. *Service Co. v. Sales Co., supra; Williams v. Chevrolet Co.,* 209 N.C. 29, 182 S.E. 719. But plaintiff does not base his action upon failure of consideration. On the contrary he alleges that the automobile was of substantial value at the time of its delivery.

Defendant's motion for judgment of involuntary nonsuit should have been allowed.

Reversed.