Nov. Term,
1853.
_____
THE SHELBY-
VILLE LATERAL
BRANCH RAIL-
ROAD CO.
*v.*
LEWARK.

</div>

---

THE SHELBYVILLE LATERAL BRANCH RAILROAD COMPANY *v.*
LEWARK.

The plaintiff below came to the depot of the defendants' railroad at *S.*, with his wagon, to haul to the town of *R.* a load of dry-goods, and was directed by the defendants' agent who had charge of the depot, where to back his wagon and receive the load. While he was engaged in loading the wagon, at the place designated, through the defendants' negligence it was run into by the defendants' cars and seriously damaged, so as to be unable to convey its load. In an action on the case the Court, upon these facts appearing, instructed the jury that the measure of damages was the damage done to the wagon, the loss of the trip in which the plaintiff was engaged, and the loss of the use of the wagon until, by proper diligence, the plaintiff could get it repaired. *Held*, that the instruction was correct.

ERROR to the *Johnson* Circuit Court.

DAVISON, J.—Trespass on the case by the defendant in error against the plaintiffs in error, for injuries resulting from the negligence, &c., of the plaintiffs' servants. The cause was, by change of venue, taken from the Circuit Court of *Shelby* county to the *Johnson* Circuit Court. Plea, not guilty. Verdict for the plaintiff below. Motion for a new trial overruled, and judgment on the verdict.

<div style="text-align:right">

Saturday,
*December* 3.

</div>

Nov. Term,
1853.

THE SHELBY-
VILLE LATERAL
BRANCH RAIL-
ROAD CO.
v.
LEWARK.

The evidence is upon the record. It shows that the defendant came to the plaintiffs' depot at *Shelbyville*, for the purpose of hauling therefrom to *Rushville* a wagon load of store-goods; that he was directed by one *Hopkins*, who had charge of the depot as agent of the plaintiffs, to back his wagon up to the south-east corner of said depot. He accordingly did so. The wagon then stood upon one of the side tracks or switches of said railroad. While he was engaged in loading it from the depot, several burthen cars were run off the main track of the road on to the switch where the wagon was standing. These cars ran against and into said wagon and injured it. Upon the inquiry whether the damage done to the wagon was caused by the negligence of the plaintiffs' servants, there is a slight conflict in the testimony; but we think the evidence fully authorized the jury to answer that question in the affirmative. It was shown that, in consequence of the injury, the defendant was prevented from hauling the store-goods he was then putting into his wagon. And the space of time it would require to repair the wagon, was also proved. The defendant, over the plaintiffs' objection, was permitted to prove the amount he would have made by hauling said load, and what the use of the wagon would have been worth while it was undergoing repair.

Various instructions were moved by the defendants below, but overruled by the Court. These will not be further noticed, as by the charge given all the questions in the cause are raised.

The Court instructed the jury, *inter alia*, as follows: "It is not disputed but that the plaintiff's wagon was, by leave of the defendants, standing on the railroad switch at the depot at *Shelbyville*, in the act of receiving freight, subject to removal upon the coming in of the cars; nor that these cars, on coming in, ran into the wagon and seriously injured it. In this state of the case it was incumbent on the defendants, by some agent or officer, to notify the plaintiff of the approach of the cars, verbally or by some known signal, in time to enable him to remove his wagon by using reasonable diligence and alacrity.. If the de-

fendant failed to give such notice, the plaintiff has a right to recover the value of the damage done to his wagon, for the loss of the trip in which he was engaged, and for the loss of the use of the wagon till by proper diligence he could get it repaired."

This charge, so far as it relates to the loss of the trip and the loss of the use of the wagon while it was being repaired, is alleged to be erroneous. These items of loss are set forth in the declaration, and are, in our opinion, sustained by the evidence. The charge states, hypothetically, that the injury done to the wagon resulted from the negligence of the plaintiffs' servants. If this was the case, "the law will not nicely attempt to limit the amount of reparation." The compensation should be for the entire damage resulting from such negligence. It is true, remote, uncertain or speculative damages will not be allowed. Nor was the jury, in this case, instructed to give damages of that character. The items of damage referred to, were, no doubt, the immediate consequence of the breaking of the wagon. And it seems to us that the jury, under the evidence in the cause, could have no difficulty in estimating, readily and with precision, what the defendant would have made by the trip in which he was engaged, and what the value of the use of the wagon would have been to him while it was undergoing repair. These damages were not speculative, like the loss of profits, &c.

In the *New Haven Steamboat Company* v. *Vanderbilt*, 16 Conn. R. 420, it was decided, in an action to recover damages for injuries done to the plaintiff's steamboat, *Belle*, by the defendant's steamboat, *New Haven*, " that the plaintiff was entitled to recover, as damages, a reasonable sum for the injuries which the boat had sustained by the conduct complained of, and a reasonable sum for her detention while she was undergoing repair."

A late decision in the Supreme Court of the *United States* appears to support the view we have taken. An action was brought by the owners of the steamboat *Major Barbour* against the owners of the *Paul Jones*, another

Nov. Term,
1853.
—————
THE SHELBY-
VILLE LATERAL
BRANCH RAIL-
ROAD CO.
v.
LEWARK.

Nov. Term,
1853.

steamboat, for injuries resulting from a collision between the boats, by means of which the *Major Barbour* became filled with water and sunk. It was held that the proper measure of damages was a sum sufficient to raise the sunken boat, repair her, and compensate the owners for the loss of her use during the the time she was being refitted. *Williamson* v. *Barrett*, 13 Howard 101.—4 McLean 589. The rule laid down in these cases is, no doubt, just and equitable. The principle is to indemnify the party injured—to compensate him for any loss which is the immediate result of the wrongful act.

We think the instructions given in the case before us, are unexceptionable.

*Per Curiam.*—The judgment is affirmed, with 6 per cent. damages and costs.

*M. M. Ray* and *W. J. Peaslee*, for the plaintiffs.

*T. A. Hendricks, J. Morrison* and *S. Major*, for the defendant.