NEW YORK CENTRAL RAILROAD COMPANY v. REIDEN-
BACH.

[No. 10,047.   Filed November 21, 1919.]

1. NEW TRIAL.—*Interrogatories to Jury.—Untrue Answers.—Not "Misconduct of Jury."*—An allegation in a motion for new trial that a jury made incorrect or untrue answers to certain interrogatories returned with the general verdict, will not constitute a charge of misconduct of the jury within the meaning of the statute authorizing new trials upon such ground.   p. 393.

2. DAMAGES.—*Threshing Machine.—Loss of Use.*—In an action against a railroad for damage to a separator at a crossing, the fair rental value of the machine was a proper element of damages, where it was damaged in threshing season, and there was evidence of the number of days' work ahead of it and of the fair rental value per day.   p. 393.

3. EVIDENCE.—*Circumstances.—Consideration.*—It is the duty as well as the right of the jury, in rendering a verdict and in answering interrogatories, to take into consideration not only the testimony of the witnesses but also the facts and circumstances proved by the evidence and that surround the case, together with reasonable inferences that can be drawn therefrom.   p. 394.

4. RAILROADS.—*Accidents at Crossings.—Contributory Negligence. —Evidence.*—Where there was evidence that a railroad crossing was too narrow to permit the passage of a separator, and that the stalling of the separator on the track was not due to the condition of the lugs on its drive wheels, the jury was justified in finding the plaintiff not guilty of contributory negligence in stalling upon the track.   p. 394.

5. RAILROADS.—*Accidents at Crossings.—Negligence.—Evidence.*— Evidence *held* to justify a finding that the employes in charge of the approaching train negligently failed to observe the obstruction of the crossing by plaintiff's separator being stalled thereon, and to stop the train in time to prevent the injury.   p. 395.

6. TRIAL.—*Instructions.—Omissions.—When Element Not in Case. —Covered by Instructions Given.*—An instruction given in an action for damages to a separator at a railroad crossing which omits the element of contributory negligence is not harmful where under the evidence the plaintiff was not guilty of contributory negligence, and where by another instruction the jury was fully instructed as to that element.   p. 396.

7. TRIAL.—*Damages.—General Instruction.—Duty to Tender Instruction More Specific.*—Appellant cannot complain of a correct instruction on damages, on the ground that it is too general, having failed to tender a correct instruction that was more specific. p. 396.

8. APPEAL.—*Admission of Evidence.—Harmless Error.—Railroads. Crossing Accidents.*—In an action for damages to a separator struck by a train while stalled at a crossing, defendant could not be harmed by permitting plaintiff to show the amount of travel on the road involved. p. 396.

From DeKalb Circuit Court; *Dan M. Link,* Judge.

Action by William Reidenbach against the New York Central Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walter Olds, W. H. Shannen* and *Bertrand Walker,* for appellant.

*Spangler & Nobles* and *Mountz & Brinkerhoff,* for appellee.

NICHOLS, P. J.—This action by appellee against appellant is for damages alleged to have occurred by reason of a grain separator belonging to appellee being struck by one of appellant's trains.

The amended complaint is in two paragraphs. In the first paragraph it is alleged that the right of way of appellant crossed at right angles a public road in Noble county, Indiana, being the county in which the accident occurred; that it was the duty of appellant to maintain the approach of the public road to and across its right of way in a safe condition and of such grade as to enable the public to cross the right of way, but that appellant carelessly and negligently failed so to maintain the crossing, and that it permitted the rails of its track to so extend above the planks to such an extent that the wheels of vehicles in cross-

ing would strike the rails. This condition caused appellee's grain separator to become stalled on the track, and it was struck by a westbound train of appellant and damaged.

The second paragraph of the amended complaint is similar to the first paragraph, but has the additional averments that, while such separator was thus stalled upon said crossing, one of appellant's westbound trains approached at a high rate of speed, and at said time the separator was in view and in sight of the persons operating the locomotive which was drawing the train continuously from the time that the train was at a point two miles east of said crossing until it reached said crossing, and that the engineer in charge of said engine, by the exercise of ordinary care, could and would have seen the obstruction of said crossing and danger of a collision between said engine and said grain separator; that in the exercise of reasonable care the said engine and train could have been stopped by said engineer after it came in sight of said crossing and separator without colliding therewith, but the employes in charge of such train carelessly and negligently failed to stop said train, and failed to observe the obstruction of said crossing by said grain separator, and carelessly and negligently ran said engine and train against said separator, breaking, damaging, and destroying it. At the time of the injury and damage, appellee was engaged in operating the separator, it being the season of the year in which threshing was done, and that by reason of the damage and injury to said separator it was impossible for the plaintiff to continue and carry on his business of threshing except by hiring another machine at great expense. There was a demand for

$2,000 damages. An answer of general denial put the case at issue, and it was submitted to the jury for trial, which returned a verdict in favor of appellee in the sum of $700, together with answers to 105 interrogatories. After motion for a new trial, which was overruled, this appeal.

The only error assigned is that the court erred in overruling appellant's motion for a new trial. Appellant, in discussing this error, contends as a

1. proposition of law that where a jury answers interrogatories contrary to the oral testimony, and there are no other visible facts connected with the case which would support the answers, it is guilty of such misconduct as will work a reversal of the judgment. To sustain this proposition appellant cites *M. O'Conner & Co.* v. *Gillaspy* (1908), 170 Ind. 428, 83 N. E. 738, from which case we quote from page 437 as follows: "An allegation in a motion for a new trial that the jury made incorrect or untrue answers to certain interrogatories returned with their general verdict will not constitute a charge of 'misconduct of the jury,' within the meaning of §585 Burns 1908, * * *." We do not deem it necessary to make any further comment.

The next error presented by the motion for a new trial is that of excessive damages. There is evidence

2. that the separator was worth $700 before the accident, and that afterward it was worth $100. The jury was authorized to accept this evidence as a basis of estimating the damages to the separator, though there was some contradictory evidence. The complaint avers an element of special damages in the loss of the use of the machine at the time when it was in season for threshing, and by the

appellee's testimony a fair rental value of the machine was $7 per day, and there were twenty-nine days' work yet to be done with this thresher. This was a proper element of damage. *Shelbyville, etc., R. Co.* v. *Lewark* (1853), 4 Ind. 471; *City of Terre Haute* v. *Hudnut* (1887), 112 Ind. 542, 13 N. E. 686. The damages were not excessive.

The next error presented is that the evidence is not sufficient to sustain the verdict. In discussing this alleged error, it must be kept in mind that it is a duty, as well as a right, of the jury in rendering its verdict and answering interrogatories to take into consideration not only the testimony of the witnesses but also the facts and circumstances proved by the evidence and that surround the case, together with reasonable inferences that can be drawn therefrom. It appears by the evidence, as well as by the answers to interrogatories, that the crossing which was involved in this accident was not wide enough to permit the passage of the separator. While there is some contradiction as to the width of the crossing and of the approaches thereto, after examining the photographs that are made a part of the record, and in view of the finding by the jury that the cause of the separator getting stalled upon the railroad tracks, and the engine drive wheels slipping on the rail, was not because of the lugs or grouters of the drive wheels being worn off, the jury was justified in its finding by its general verdict that the appellee was not guilty of negligence in stalling upon the track. Certainly there is no evidence of contributory negligence thereafter, for appellee was diligent in his efforts to remove the separator from the track, and in his efforts

to stop the train before the damage was sustained.

The second paragraph of the complaint does not present the doctrine of last clear chance, nor of wilful injury upon the part of appellant's servants. By its allegations it presents a case of simple negligence. We have already held that appellee was not guilty of negligence in permitting his separator to be stalled upon the track, or in failing to remove it before it was damaged. The question then is whether the appellant's servants were negligent, as averred in the second paragraph of the complaint, and, if so, did such negligence result in the injury complained of, which was the basis of this action? It appears by the evidence that the track from the crossing to the east, being the direction from which the train was approaching, was straight for a distance of three miles. In the record appears a photograph taken with a camera located about two miles to the east of the crossing, showing a straight track with an automobile standing over the crossing involved. The engineer himself testified that he saw the separator on the crossing three-quarters of a mile away, and that he could see a dark object there when he was a mile and a half away. He further testified that he could make a service stop in three-quarters of a mile, by which we understand a stop without the application of the emergency brakes. As he approached this crossing, the servant of appellee went down the track 500 feet, swinging a lantern and waving a red handkerchief across the track. There is some dispute in the evidence as to the time when the emergency brakes were applied, but one witness testified that he saw the train approaching, and that such brakes were applied at about 250 feet of the crossing.

The engineer says that he did not see the party who attempted to flag his train. From the foregoing evidence, the court holds that the jury was justified in finding, by its general verdict, that the employes in charge of the approaching train carelessly and negligently failed to observe the obstruction of the crossing and to stop the train in time to prevent the injury. The evidence is sufficient to sustain the verdict.

Appellant next complains of the giving of appellee's instruction No. 3, for the reason that there is omitted therefrom the element of contributory negligence. Under the evidence in this case as aforesaid, the appellee was not guilty of contributory negligence. Further, by appellant's instruction No. 3, which was given, the jury was fully instructed with reference to the contributory negligence of the appellee. Instruction No. 4 was a correct statement of the law with reference to the damages sustained by appellee, though it might well have been more specific as to the elements of damage. Appellant, having failed to tender a correct instruction that was more specific, may not complain. The refusal of the court to give other instructions tendered by appellant is complained of, but, after reading such instructions, we deem it sufficient to say that they were properly refused, without extending this opinion by a discussion of them. Appellant could not have been harmed because appellee was permitted to show the amount of travel on the road involved. It was proper to show the value per day of the use of such a separator as here involved as one of the elements of appellee's damages.

The judgment is affirmed.