NEW YORK CENTRAL RAILROAD CO. *v.* CHURCHILL ET AL.

[No. 20,334. Filed July 6, 1966. Rehearing denied October 17, 1966. Transfer denied February 28, 1967.]

*John A. Stocker,* of Indianapolis, and *Jerdie D. Lewis,* of Terre Haute, and *Richard O. Olson,* of Chicago, and *Lewis and Lewis,* of Terre Haute, both of counsel, all for appellee.

*Howard S. Young, Jr.,* and *Young & Young,* both of Indianapolis, for appellees.

HUNTER, J.—This case arose in the lower court as a result of a collision between the appellant's train and the appellees' tractor-trailer unit containing shelled corn. The court heard the case without the intervention of a jury and awarded $5,470.82 in damages to the appellees.

The appellees' compaint alleged that the accident was the result of negligence of the appellant, that said negligence caused the total destruction of the tractor-trailer unit and the corn, and that the appellees lost the use of said unit for a period of five (5) weeks.

The appellant filed an answer in three paragraphs. The first paragraph was in compliance with Supreme Court Rule 1-3. The second and third paragraphs alleged that the appellees had recovered all losses from their insurance carriers and then had assigned all causes of action to said insurance carriers. Consequently, the appellees were not the real parties in interest.

The appellees filed a reply which in essence denied any payment received from or assignments to insurance carriers stating that if such payments were received, they would give credit to the appellant for such amounts.

After the judgment was awarded to the appellees, the appellant filed a motion for new trial which was overruled. The appellant assigns as error the lower court's action in overruling said motion. The points specifically argued by the appellant in its brief are that the court committed certain errors of law during the trial, the most pertinent of which bear upon the admissability of evidence and the alleged result of excessive damages.

It is rather difficult to comprehend whether the appellant is attempting to state that the appellees were not the real parties in interest. However, so that there may be no doubt, we shall address ourselves to this problem. It is established that the appellees received compensation under various policies on a total loss basis for all the damaged property less the deductibles. Consequently, from these facts, it is certain that at the very least the appellees retained an interest to the extent of their insurance deductibles. Also, before or during the trial, the appellant settled the matter of subrogation with the insurance carriers of the appellees. From the record it appears that the appellees credited the appellant with such amounts for the reason that the damages awarded do not reflect these amounts. The facts indicate the loss exceeded the insurance proceeds and there was no attempt to collect any amounts compensated by insurance coverage which the appellant had settled with the insurance carriers. Therefore we hold that the appellees were the real parties in interest under § 2-201, Burns' 1946 Replacement; *Powers* v. *Ellis* (1952), 231 Ind. 273, 108 N. E. 2d 132; *Risner* v. *Gibbons* (1964), 136 Ind. App. 45, 197 N. E. 2d 184.

The appellant then contends that by pursuing its recovery under the insurance contracts, the appellees made an election of remedies which should bar their subsequent action against the appellant. In the first place, it is not absolutely clear to this court that the doctrine of election of remedies is applicable where an extra judicial remedy in the form of recovery under an insurance contract is involved. However, it is not necessary to this holding that we resolve this problem. However, said doctrine applies only where a party has chosen one remedy and later pursues another remedy which is repugnant to or inconsistent with the remedy selected. *Kimmel* v. *Captain* (1940), 107 Ind. App. 621, 24 N. E. 2d 435. We do not have such an inconsistency in the facts at bar.

To the extent that a *full satisfaction for all damages* arising from the tortfeasor's acts would have been obtained by the appellees from insurance contracts, any subsequent action against the appellant would be barred. *Risner* v. *Gibbons, supra.* The reason for this is not that the appellees would have elected a remedy inconsistent with such a subsequent action, rather they would no longer be the real parties in interest, i.e., they would not have an interest to pursue. If the appellees had only partially collected for their damages from insurance proceeds, this would not bar a subsequent cause of action against the appellant for the entire amount of damages, as long as the appellant would be protected by such a judgment. *Powers* v. *Ellis, supra.*

In both instances noted above our courts have decided the validity of an action by a plaintiff against a tortfeasor, who is also subrogated to plaintiff's insurance carriers, not on the basis of the doctrine of election of remedies but rather upon the theory of real party in interest. It becomes readily apparent why the doctorine of election of remedies is not applicable to such cases when the underlying rationale of said

doctrine is considered. As previously noted, the doctrine is based on the premise that a party cannot pursue a remedy based on the theory of affirmance of an event or transaction and subsequently pursue a remedy where the theory is based on the denial of the same event or transaction. *Banta* v. *Banta* (1948), 118 Ind. App. 117, 76 N. E. 2d 698, 77 N. E. 2d 597. Here the appellees merely collected from their insurance carriers and then pursued their *ex delicto* remedy against the appellant for damages not compensated by the insurance. The same event was affirmed as the basis for each procedure, i.e., the damage caused by the appellant. There is nothing inconsistent or repugnant between such actions. Consequently, we reject the appellant's contentions in this regard.

The appellant next contends that the lower court erred in admitting over the objections of the appellant the testimony of the appellees which gave the market values of the damaged property at amounts which exceeded the amounts stated on the proofs of loss which were filed with the insurance carriers. The appellant presents no relevant case law to support this point, but contends that when a party insures all damaged property on a total loss basis, and accepts amounts for the total destruction, said settlement should be conclusive and binding as evidence of the value of such property. In this regard the appellees submitted the proofs of loss as appellees' Exhibits Nos. 5, 6, 7 and 8.

In cases similar to the instant case only involving the question from a different perspective, our courts have held tax evaluations of the value of personal property to be admissable. *Indiana, etc., Traction Co.* v. *Benadum* (1908), 42 Ind. App. 121, 83 N. E. 261; *Ohlwine* v. *Pfaffman* (1913), 52 Ind. App. 357, 100 N. E. 777. In both said cases the appellant was attempting to state that tax evaluations made out by the appellant which evaluated its own property were erroneously admitted. The courts replied in the negative, holding the statements contained evidence of probative value. The only

qualification was the remoteness in time of such statements to the damage in question. The courts did not consider said statements to be binding on the maker. The statements were to be considered along with other evidence of probative value.

Therefore, we hold that such admissions by the appellees in the proofs of loss are in no manner binding or conclusive as to the value of appellee's property, and that the lower court properly admitted and considered other evidence in deciding the value of the damaged property.

Another point of error urged by the appellant is that the court erroneously admitted evidence over the appellant's objections as to the fair rental value of the tractor-trailer unit for a reasonable time necessary to replace it when the property was totally destroyed. It is abundantly clear the Indiana case law allows damages for loss of use of a commercial vehicle while it is being repaired. *The Shelbyville Lateral Branch Railroad Company* v. *Lewark* (1853), 4 Ind. 471; *The City of Terre Haute* v. *Hudnut et al.* (1887), 112 Ind. 542, 13 N. E. 686; *Weddle* v. *I. R. C. & D. Whse. Corp.* (1949), 119 Ind. App. 354, 85 N. E. 2d 501. However, the appellant contends that this should not be applied in cases of total destruction of property. The appellant presents no authority in Indiana which supports its argument and contends that this is the majority rule in other jurisdictions.

The appellees state that *New York Central R. Co.* v. *Reidenbach* (1919), 71 Ind. App. 390, 393-394, 125 N. E. 55 supports the opposite position. This court stated:

"The next error presented by the motion for a new trial is that of excessive damages. There is evidence that the separator was worth $700 before the accident, and that afterward it was worth $100. The jury was authorized to accept this evidence as a basis of estimating the damages to the separator, though there was some contradictory evidence. The complaint avers an element of special damages in the loss of the use of the machine at the time when it was in season for threshing, and by the appellee's testi-

mony a fair rental value of the machine was $7 per day, and there were twenty-nine days' work yet to be done with this thresher. This was a proper element of damage. (citing cases)"

We cannot determine whether this court in said case considered the property to be permanently damaged or repairable. It is not explicitly stated in the opinion. It should be noted that the court cited *The City of Terre Haute, supra,* and *The Shelbyville R. R., supra,* where the courts' holdings pertained only to repairable property. Consequently, we are hesitant to state that this is authority for the appellees' position. We have not found any Indiana cases definitely deciding this question. We agree with the appellant that seemingly many jurisdictions limit recovery of loss of use to situations where the property is repairable. However, this is not to say that such a position is proper or founded on sound logic. We fail to see any valid reason for the distinction between repairable or irreparable damage which would justify loss of use for the former and not the latter. In what manner can we justify the recognition of loss of use as a property right incidental to ownership in one instance and not the other? Have not both property owners lost the same thing, i.e., the use of such property? To hold to the contrary would be to effectuate a legal principle without a valid reason.

This position is not without support. In *Guido* v. *Hudson Transit Lines,* 178 F. 2d 740-741, (CCA 3rd 1949) the court criticized the rule as contended for by the appellant in stating:

> ". . . justification for it is that this provides a convenient rule of thumb and, in case the article is readily replaceable on the open market, compensates the owner for his loss.
>
> *The difficulty comes when this convenient rule of thumb is sought to be applied to every case regardless of the circumstances.* This the defendant would have us do here and cites authorities which have taken this ironclad view of the matter. 3 The fear of allowing 'speculative' damages has scared some courts into applying what Mr. Justice Christiancy years ago called 'the certainty of injustice.' 4
> . . .

Each of these cases was one of injury to a chattel, not its destruction. It may be urged, as defendant does, that there is some magic difference between the two. We see none. 9" (our emphasis)

The position that loss of use is a proper element of damages even though the property is permanently destroyed finds support in the Restatement of Torts, § 927 where it is stated:

"Where a person is entitled to a judgment for the conversion of a chattel or the destruction of any legally protected interest in land or other thing, the damages include
   (a) the exchange value of the subject matter or the plaintiff's interest therein at the time and place of the conversion or destruction, or a different value where that is necessary to give just compensation, and
   (b) the amount of any further loss suffered as the result of the deprivation, and
   (c) interest from the time at which the value is fixed or compensation for the loss of use."

In holding that loss of use is a proper element of damages where property is totally destroyed, the California Supreme Court stated in *Reynolds* v. *Bank of America National T. & S. Ass'n.* (1959), 53 Cal. 2d 49, 345 P. 2d 926-927, 73 A. L. R. 2d 716:

". . . There appears to be no logical or practical reason why a distinction should be drawn between cases in which the property is totally destroyed and those in which it has been injured but is repairable, and we have concluded that when the owner of a negligently destroyed commercial vehicle has suffered injury by being deprived of the use of the vehicle during the period required for replacement, he is entitled, upon proper pleading and proof, to recover for loss of use in order to 'compensate for all the detriment proximately caused' by the wrongful destruction."

See also *Chesapeake & Ohio Ry. Co.* v. *Elk Refining Co.,* 186 F. 2d 30 (CCA 4th, 1950); *Steele* v. *Wiedemann Machine Company,* 280 F. 2d 380 (3rd, 1960); 22 Am. Jur. 2d, *Damages,* § 153, p. 222, n's. 10-11. It appears that one or two of

these citations might have been based on civil codes. However, since our code does not deal with these matters, we may still use them as valid authorities.

In view of the above authorities, we hold that the lower court did not err in admitting the testimony which showed the loss of use in terms of the reasonable rental value of the tractor-trailer unit for the reasonable amount of time that it would have taken the appellees to replace said unit. We might add that although the record indicates that the appellees did not replace the tractor-trailer unit as of the date of the trial, we fail to see that this would justify any different reasoning. The appellees lost the use of the unit in the same manner as if the unit had been repaired or replaced. The record indicates that the reason the appellees did not replace the unit is that they did not have the funds nor could they find a replacement. Moreover, the appellees were under contract and had need for the use of the destroyed unit. A party should not be penalized merely for not replacing the destroyed property; nor does it change the fact that he lost the use of the property. We would limit the recovery to a reasonable time necessary to replace the unit, i.e., such a party must mitigate the damages, more than this is beyond proximate causation. The testimony in the record does not proceed beyond such a period.

The appellant also contends that the lower court erred in awarding interest to the appellees as an element of damages. The appellees contend that *New York, etc., R. Co.* v. *Roper* (1911), 176 Ind. 497, 96 N. E. 468 is authority for allowing interest as an element of damages. It appears to this court that said case is the leading authority in Indiana on the question of interest as an element of damages in cases of tortious injury to property. Said case involved an action for the destruction of property due to the negligent conduct of a railroad in causing a fire and the subsequent failure to contain said fire. The court instructed the jury that if they should find

for the plaintiff, they should also allow interest on the damages awarded. The appellant raised this instruction as error. In deciding this question of law, our Supreme Court denied that interest could only be given as a matter of statute. In affirming the lower court, it was stated at p. 509:

"It seems to us that fixing the compensation at the value of the destroyed property, at the time of its destruction, and in addition thereto the legal rate of interest from the time of the destruction to the day of trial, more nearly approximates justice than any rule that has been recognized, and has, besides, the merit of certainty and simplicity."

The court spoke of the limitation of allowing interest in cases of personal injury, wrongful death, libel, etc., p. 510:

". . . where there is no standard of market or other value by which to measure the damages; . . ."

The court concluded that this limitation did not apply to cases of a negligent destruction of property and stated that interest should be allowed in "actions *ex delicto* for the destruction of or injury to property." See also *Independent, etc., Stores* v. *Heller* (1920), 189 Ind. 554, 127 N. E. 439.

The appellant contends that these cases are in no way authority for allowing interest on damages awarded where the determination of such damages is solely within the province of the jury or court. The appellant set out the following quote in its reply brief from *New York, supra,* p. 507, which purportedly supports such a contention:

"In all personal injury cases, cases of death by wrongful act, libel, slander, false imprisonment, malicious prosecution, assault and battery, and all cases where the damages are incomplete and are peculiarily within the province of the jury to assess at the time of the trial, no interest is permissible."

However, it should be noted that this language is not that of the Supreme Court. Rather it is from a Utah case which our Supreme Court used in establishing the rationale of its hold-

ing. The court did not conclude that merely because the assessment of damages was peculiarly within the province of a jury or court, that interest on such damages should not be allowed. The court did except to certain cases by dictum that it considered not to be within the bounds of the rule applied in said case. These are set forth on p. 510 of the court's opinion as we have previously stated. However, these limitations in no way affect this case, for in the language of our Supreme Court the case at bar is an action *ex delicto* for the destruction of or injury to property. Consequently, the instant case is on "all fours" with *New York, supra,* in this regard.

The appellant attempts to further differentiate the facts at bar from *New York, supra,* in that no Indiana case has awarded interest in an action for damages to a motor vehicle. The appellant claims that therefore the issue before us is a case of first impression. We fail to see that this is a valid distinction. We have found no cases holding to the contrary in the specific instances of damages to motor vehicles. Furthermore, we fail to see any valid reason for this differentiation from *New York, supra,* in this regard.

The only manner in which a distinction may be made would be that in the *New York* case, *supra,* the damage was to realty, while in the case before us the damage is to personal property. However, we fail to see any reason to differentiate the application of this rule between various types of property. Furthermore, in the facts at bar, loss of use is an element of the damages awarded whereas in the *New York* case, *supra,* it was not. To the extent that in some cases loss of use may be measured by a loss of profits, such might be beyond the rule pronounced in *New York, supra.* However, it is not necessary to decide this question. In the facts at bar loss of use was determined by the fair rental value which was easily ascertainable with a degree of certainty. Therefore, we hold that interest was properly allowed on loss of use as an element of the damages awarded.

The trial court having committed no error, the judgment should be affirmed.

Judgment affirmed.

Smith, C. J., Bierly and Mote, JJ., concur.

NOTE.—Reported in 218 N. E. 2d 372.