BOB ANDERSON PONTIAC, INC. AND GENERAL MOTORS
ACCEPTANCE CORPORATION *v.* EMERY DAVIDSON.

[No. 3-972A56. Filed March 7, 1973. Rehearing denied April 13, 1973.
Transfer denied August 27, 1973.]

*William F. Carroll, Carroll, Barber & Sorbello,* of Crown Point, for appellant Bob Anderson Pontiac, Inc.

SHARP, J.—On February 20, 1970 the Appellee entered into a transaction with the Appellant, Bob Anderson Pontiac, Inc., to purchase a 1967 Oldsmobile Vista Cruiser then on display in the Bob Anderson used car lot. After the transaction was consummated by the signing of an installment sale contract which was in turn assigned to General Motors Acceptance

Corporation a dispute arose between the parties with reference to the condition of said 1967 Oldsmobile.

On June 2, 1970 the Appellee filed a complaint against the Appellants in two paragraphs, alleging that the dealer negligently and falsely represented that the 1967 Oldsmobile in question had 23,000 miles on it and was in good and excellent condition when in fact it was defective. This complaint also alleged that the dealer impliedly warranted that said 1967 Oldsmobile was fit for a particular purpose and that said dealer breached such warranty. The basic allegations of the complaint were denied and a counterclaim was filed for the failure of the Appellee to make the payments on said installment sale contract.

This case was heard by the trial court in a bench trial at the conclusion of which the trial court entered special findings of fact and conclusions of law. The special findings of fact found that the Appellee, Emery Davidson, purchased from the Appellant, Bob Anderson Pontiac, Inc., a 1967 Oldsmobile automobile on February 20, 1970 which had an odometer reading of approximately 23,000 when in truth and fact the mileage on said 1967 Oldsmobile at said time was approximately 67,000 miles and that said odometer had been altered from 67,000 miles to 23,000 miles by Appellant, Bob Anderson Pontiac, Inc. The court made further special findings that the total contract price owed by the Appellee was $2224.25 and that two payments of $71.75 each had been made by the Appellee and that the Appellee lost the use of his car at a rental value of $5.00 per day. The court further found that said automobile was mechanically defective and that such mechanical defect could have been discovered by the Appellant, Bob Anderson Pontiac, Inc. The court entered its conclusions of law that the Appellant, Bob Anderson Pontiac, Inc., negligently misrepresented the condition of said automobile; that said misrepresentation was material to the sale and execution of the contract and finance agreement; that the Appellant, Bob Anderson Pontiac, Inc., breached its

contract with the Appellee and that said Bob Anderson Pontiac, Inc. also breached an implied warranty for a particular purpose that existed by operation of law, and that said Appellant negligently, wilfully, and wantonly altered the automobile's mileage and thereby induced the Appellee to enter into a contract by which the Appellee was harmed in the amount of $2850.75, the contract price, $220.00 for loss of use and $250.00 punitive damages.

The Appellant, Bob Anderson Pontiac, Inc., first raises a series of formalistic objections to the findings of fact entered by the trial court. In its motion to correct errors the Appellant raised no question with reference to the admission of any of the evidence which the trial court had before it. The formalistic questions raised in regard to the findings of fact and conclusions of law are best considered in the light of the statement of Judge Emmert, speaking for our Supreme Court, in *Indianapolis and Southern Motor Express* v. *Public Service Commission* (1935), 232 Ind. 377, 112 N.E.2d 864, 867:

> "We appreciate the difficulty often encountered in determining whether a finding of fact is a mere statement of evidence, a finding of ultimate fact, or a conclusion of law. However, it has been recognized that it is safe practice in case of doubt to include in the finding as a statement of ultimate fact, a matter concerning which there may be some doubt. If evidentiary facts are included in the findings no harm has been done since the evidentiary facts are mere surplusage."

For an excellent and in-depth discussion of this subject see Vol. 2, Wiltrout, Indiana Practice, § 1663.[1]

The Appellant complains of the award of $220.00 for loss of use of this vehicle. In *New York Central Railroad Co.* v. *Churchill, et al.* (1966), 140 Ind. App. 426, 434, 218 N.E.2d 372, Judge Hunter, speaking for the Appellate Court, held:

---

1. For the present guidelines on findings and conclusions see TR. 52 and *In Re Adoption of Graft*, 153 Ind. App. 546, 288 N.E. 2d 274 (1972), and particularly that part of TR. 52(A) which eliminates the formal requirements of making conclusions of law.

"In view of the above authorities, we hold that the lower court did not err in admitting the testimony which showed the loss of use in terms of the reasonable rental value of the tractor-trailer unit for the reasonable amount of time that it would have taken the appellees to replace said unit. We might add that although the record indicates that the appellees did not replace the tractor-trailer unit as of the date of the trial, we fail to see that this would justify any different reasoning. The appellees lost the use of the unit in the same manner as if the unit had been repaired or replaced. The record indicates that the reason the appellees did not replace the unit is that they did not have the funds nor could they find a replacement. Moreover, the appellees were under contract and had need for the use of the destroyed unit. A party should not be penalized merely for not replacing the destroyed property; nor does it change the fact that he lost the use of the property. We would limit the recovery to a reasonable time necessary to replace the unit, i.e., such a party must mitigate the damages, more than this is beyond proximate causation. The testimony in the record does not proceed beyond such a period."

Although *Churchill, supra,* involved loss of use in a case involving the total destruction of personal property, the trial court's judgment of $220.00 for loss of use is consistent with the principles announced in *Churchill, supra,* and is inferable from the evidence before the trial court.

The Appellant next complains of the award of punitive damages. The issue of punitive damages in a factually similar case was recently dealt with succinctly by the Second District of the Court of Appeals in *Capitol Dodge, Inc.* v. *Haley* (1972), 154 Ind. App. 1, 288 N.E.2d 766, 768, in which this court stated:

"Because it requires little discussion, we treat appellant's assertion as to punitive damages first. As stated in Jones v. Hernandez (1970), Ind. App. 263 N.E.2d 759, 763:
'In Indiana punitive damages are proper where the acts of the wrongdoer are such as to indicate heedless disregard of the consequences.'
In the light of what we state hereinafter, concerning the propriety of the jury's finding of fraud, we cannot say that

as a matter of law that the jury was unreasonable in assessing punitive damages. In this connection, it might be kept in mind that punitive damages are not compensatory in their nature but are designed to punish the wrongdoer and to dissuade him and others from similar conduct in the future. Indianapolis Bleaching Co. v. McMillan (1916), 64 Ind. App. 268, 113 N.E. 1019. We deem such awards to be particularly appropriate in proper cases involving 'consumer fraud.' "

The award of $250.00 as punitive damages was properly inferable from the record in this case and does not constitute reversible error.

The decision of the trial court on the basic issue of liability is generally supportable as the breach of an implied warranty and negligent or wilful misrepresentation of a material fact inducing the entry into a contract.

The next question which we must consider relates to the measure of damages awardable under such basis.

Although not inclusive, the measure of damages as defined under the Uniform Commercial Code may be properly considered as an appropriate standard for application in a case involving a breach of an implied warranty. **The pertinent** provisions are found in IC 1971, 26-1-2-714, Ind. Ann. Stat. § 19-2-714 (Burns 1964), and IC 1971, 26-1-2-715, Ind. Ann. Stat. § 19-2-715 (Burns 1964). The pertinent sections of 714 are as follows:

"* * *

(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. (3) In a proper case any incidental and consequential damages under the next section may also be recovered."

Section 715 provides:

"(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt,

transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

(2) Consequential damages resulting from the seller's breach include: (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and (b) injury to person or property proximately resulting from any breach of warranty."

(For the statutory antecedent of the above provisions of the Uniform Commercial Code in Indiana, see Ind. Ann. Stat. § 58-507(6) (7) and § 58-508 (Burns 1961)).

It is helpful to consider the decisions of other jurisdictions. Recently the Supreme Court of North Carolina in *Performance Motors, Inc.* v. *Allen* (1972), 280 N. C. 385, 186 S. E. 2d 161, 167, in interpreting an identical provision of the Uniform Commercial Code stated:

"Applying the foregoing principles to the evidence in this case, if defendant (1) made an effective rejection of the mobile home, or (2) justifiably revoked her acceptance of it, she has a right to recover 'so much of the price as has been paid' plus any incidental and consequential damages she is able to prove. G.S. § 25-2-711(1) ; G.S. § 25-2-715. On the other hand, if defendant did not reject but accepted the mobile home, and there has been no revocation of acceptance, she is obligated to pay the balance due on the contract price, and she is limited on her counterclaim to recovery of damages for breach of implied warranty of fitness. The measure of damages in that event is 'the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount,' G.S. § 25-2-714(2), plus incidental damages and such consequential damages as were within the contemplation of the parties. G.S. § 25-2-7151 Hendrix v. B & L Motors, Inc. 241 N. C. 644, 86 S. E. 2d 448 (1955) ; Harris v. Canady, 236 N. C. 613, 73 S. E. 2d 559 (1952)."

In *W & W Livestock Enterprises, Inc.* v. *Dennler* (1970), 179 N. W. 2d 484, 489, the Supreme Court of Iowa stated:

"The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from a breach of warranty. Section 554.2714(2), Code of 1966. In other words, it is the loss proximately resulting from the failure to deliver the goods as warranted. Although the burden to prove his damage, if any, by good and competent evidence is upon the claimant, we think he has done so here in a clear and certain manner. Qualified and competent veterinarians testified the loss of these pigs was the proximate result of the disease affecting this herd at the time of delivery to defendant.

It is generally held that the price for which personal property sells at a bona fide sale is competent evidence of its value. Reed v. Bunger, supra, 255 Iowa 322, 331, 332, 122 N. W. 2d 290, 296; Conditioned Air Corp. v. Rock Island Motor Transit Co., 253 Iowa 961, 966, 114 N. W. 2d 304, 308; Drager v. Carlson Hybrid Corn Co., Inc., supra, 244 Iowa 78, 87, 56 N. W. 2d 18, 24. As previously noted, under our law the proper measure of damages for breach of warranty is ordinarily the difference between value of the goods as they were (diseased and exposed animals here) and value as they would have been if as warranted (the price paid at a bona fide sale). Section 554.2714(2), Code of 1966; Dailey v. Holiday Distributing Corp., supra, 260 Iowa 859, 876, 151 N.E.2d 477, 489; Turner v. Kunde, supra, 256 Iowa 835, 842, 128 N. W. 2d 196, 200." See also, *Ford Motor Co.* v. *Taylor*, 446 S. W. 2d 521, 60 Tenn. App. 271 (1969), and *Fred J. Miller, Inc.* v. *Raymond Metal Products Co.*, 265 Md. 523, 290 A. 2d 527 (1972).

As indicated in the above cases the basic measure of damages for breach of an implied warranty is ordinarily the difference between the value of the goods as they were and the value of the goods as they would have been if they were as warranted. In addition, the above provisions of the Uniform Commercial Code and the cases interpreting them provide for incidental and consequential damages. Consequential damages are recoverable if they are the direct, immediate and probable result of the breach of an implied warranty. See *Drilling and Service, Inc.* v. *Cata*

*Enterprises, Inc.* (1963), 134 Ind. App. 668, 191 N.E.2d 114. The issue of foreseeability and the proximateness of consequential damages sustained as a result of a breach of an implied warranty are generally to be determined by the trier of fact. See *City of Indianapolis* v. *Bates* (1965), 137 Ind. App. 227, 205 N.E.2d 839.

In *L. A. Green Seed Company of Arkansas* v. *Williams* (1969), 246 Ark. 463, 438 S. W. 2d 717, 720, the Supreme Court of Arkansas stated:

> "Next appellant argues that the damages [$746.16] allowed to the appellee by the court, sitting as a jury, are excessive and unwarranted by the evidence. We do not agree. Inasmuch as we find it necessary to reverse this case for failure to allege notice of breach of warranty, we deem it unnecessary to discuss this point. However, we think it proper to observe that Ark. Stat. Ann. §§ 85-2-714 and 82-2-715 provide for the recovery of damages, including consequential damages, resulting from a seller's breach of warranty. In a Committee Comment on our Uniform Commercial Code (§ 85-2-715) we find:
>
> '4. The burden of proving the extent of loss incurred by way of consequential damage is on the buyer, but the section on liberal administration of remedies rejects any doctrine of certainty which requires almost mathematical precision in the proof of loss. Loss may be determined in any manner which is reasonable under the circumstances.' "[2] (see page 8)

The findings and conclusions on the basic damage issue, exclusive of the damages for loss of use and punitive damages, appear confusing and perhaps inconsistent. There is a finding of a contract price of $2224.25, however, in the conclusions there is a conclusion that the Appellee was harmed in the amount of $2850.75. We agree with the Committee Comment of the Uniform Commercial Code referred to in the *Williams* case by the Supreme Court of

---

2. The cited out of state authorities are consistent with the extensive treatment of this same issue by the Second District of this Court in *Jerry Alderman Ford* v. *Bailey*, 154 Ind. App. 632, 291 N.E.2d 92 at pages 103-105 (1972).

Arkansas that the Appellee has the burden of proving his damages, including any consequential damages and incidental damages and is entitled to a liberal construction of the Uniform Commercial Code in this regard. We also agree that such damages are not required to be proved by mathematical precision and any reasonable manner under the circumstances is permitted. However, we find it difficult to reconcile the aforesaid inconsistency between the findings and the conclusions reached by the trial court and therefore find it necessary to remand this case to the trial court for a hearing and determination of this issue of damages alone.

We, therefore, affirm the decision of the trial court in regard to the basic issues of liability, the sum of $250.00 punitive damages, and the sum of $220.00 for loss of use. We hereby remand this case to the trial court for a determination of the damages to be awarded to the Appellee as a result of the breach of implied warranty consistent with the authorities discussed here.

Affirmed in part, and remanded, in part, for further consideration on this damage issue.

Hoffman, C.J. and Staton, J., concur.